## THE MAHARAJAH.

### ENNIS v. THE MAHARAJAH et al.

(*Circuit Court of Appeals, Second Circuit.* December 14, 1891.)

SHIPPING—LIABILITY FOR PERSONAL INJURIES.
    Libelant, in the employ of a stevedore in loading a ship's cargo, was assigned to work a winch belonging to the ship. In so doing, his hand slipped from the handle of the crank-bar of the winch, and was caught and crushed in the cogs. The winch was of an old pattern, with unguarded cogs; but a person using it could protect himself from such an injury as occurred to libelant by a simple expedient, which libelant neglected. Libelant was aware of the dangers of the winch, but used it without complaint for several hours. *Held,* that he was not entitled to recover damages from the steam-ship for the injury received.

Appeal from the Circuit Court of the United States for the Southern District of New York.

In Admiralty. Libel by George Ennis against the steam-ship Maharajah for personal injuries. Libel dismissed. See 40 Fed. Rep. 784. Affirmed on appeal to the circuit court. Libelant appeals. Affirmed.

*Robert D. Benedict*, for appellant.

*Wilhelmus Mynderse*, for appellees.

Before WALLACE and LACOMBE, Circuit Judges.

WALLACE, Circuit Judge. While the libelant was driving a winch belonging to the steam-ship, his hand slipped from the handle of the crankbar, and was caught and crushed in the cogs, whereby he sustained serious injury. He was in the employ of a stevedore who was engaged in loading the ship with cargo, and had been assigned by him to work the winch. He imputes his injuries to the negligence of the steam-ship, upon the theory that the winch was unsafe because the handle came dangerously near the cogs in operating the crank-bar, and the cogs were not covered by a guard, and also because the handle was slippery from grease and steam that escaped from defective parts of the machine. The proofs are that the winch was, in details of structure, substantially like those in general use at the time it was built, had been used on the steamship for a dozen. years or more, and was not materially out of repair; that such winches are still in common use upon vessels, but an improved machine has been also introduced, constructed with a guard over the cogs; and that the handle was not exceptionally slippery on the day of the accident. It also appears that the libelant was familiar with winches, having operated them for 10 or 12 years, and that he had been operating this one nearly all day before the accident took place, and had not made any complaint about it. Manifestly the libelant undertook to use a machine which he knew would endanger his hand unless he exercised due care. Owing to a momentary relaxation of proper caution, he met with such an accident as he could have foreseen. His own conduct affords the best evidence that the machine was not exceptionally unsafe, inherently or casually. If it had been, he would not have used it without objection. All the elements of danger incident to its use were patent to him after he had used it a few minutes; yet he used it several hours, and, until he was hurt, without a complaint, or attempting to protect himself by the simple expedient adopted after the accident by the witness Smith. He has no just ground of complaint against the steamship. One who voluntarily undertakes to perform a service for another impliedly consents to assume the known risks incident to it, and cannot impute to the other any breach of duty or negligence founded solely upon the presence of such risks. The decree is affirmed. As the libelant sues *in forma pauperis*, the affirmance is without costs.