# Lowe Manufacturing Co. *v.* Payne.

### *Damage for Injury to Employe.*

(Decided April 21, 1910.   52 South. 447.)

*Master and Servant; Injury to Servant; Negligence.*—Where an employe was the operator of a spinning frame and was perfectly familiar with the machine and fully aware of the danger of cleaning it while in motion, such employe was negligent in obeying an order to do so, although given by one in authority, and the master is not liable for the resultant injury.

APPEAL from Madison Law and Equity Court.

Heard before Hon. TANCRED BETTS.

Action by Clara Payne, an employe, against the Lowe Manufacturing Company 'for damages for injury to her hand while cleaning a spinning frame in obedience to orders from her employer. Judgment for plaintiff and defendant appeals. Reversed and remanded.

LAWRENCE COOPER and GEORGE P. COOPER, for appellant. The plaintiff had knowledge of the danger incident to the undertaking and was guilty of negligence precluding her recovery, although under the orders of her superior.— 1 L. R. A. (N. S.) 278; 41 Fed. 919; 126 Fed. 495; 49 Fed. 111; 86 N. W. 157; 149 Mass. 294; 169 Mass. 67; 160 Mass. 234; 140 Mass. 201; 43 Am. Rep. 264. The court erred in declining to grant a new trial.—*Moss v. Mosely,* 148 Ala. 186.

TAYLOR & DRAKE, for appellee. No brief came to the Reporter.

SIMPSON, J.—This is an action, by the appellee against the appellant, for damages on account of an injury to the hand received by the plaintiff as an employe

of the defendant. The injury complained of is the loss of a portion of one of the fingers of plaintiff, and the first count alleges defects in the ways, works, etc., in that the cogs were not sufficiently covered to prevent injuries, and that said defects had not been remedied, etc. (in the language of subdivision 1 of section 3910, Code of 1907). The second count alleges that plaintiff was a minor, 12 years old, working at a spinning frame, under the orders of a section hand, who ordered her to work at said spinning frame machine, and to whose orders she was bound to conform and did conform, etc., and that "the said Jim Hudgins, as section hand," failed to inform plaintiff of the defective and dangerous condition of the machine, which he knew, and ordered her to clean the cogs while the machine was in rapid motion, etc. The third count is based upon the inexperience of the plaintiff, the failure to warn her of the dangers, and ordering her to clean the cogs while in motion. Demurrer was sustained to count 4, and count 5 relies upon the negligence of said Hudgins, who had superintendence, etc., in directing plaintiff to perform dangerous work; she being inexperienced, etc. Pleas of contributory negligence and assumption of risk were interposed.

No evidence was offered by the defendant. The plaintiff testified that she was 14 years old last December; that she received the injury while cleaning the frame, and that "Jim Hudgins, section hand," ordered her "to clean the frame when it was running"; also that she had been engaged in the work for nearly a year, that she cleaned around the cogs every day, but that she always stopped the frame before cleaning, until the day of the injury; that she was rubbing around the cogs with a piece of cotton when her hand was caught; that the cogs were all covered by a case, but she got

behind the case and put her hand in under the case, where the wheels were, and got caught; that she could have stopped the frame, and the cogs would have stopped running, in which case there would be no danger; that the lever by which the cogs would be stopped was easily movable by the hand; that she knew the cogs were turning when the frame was running; that she knew it was dangerous to touch the cogs when in motion; that she had done the same work at the knitting mills for several months before going to work at defendant's mill; that she knew the spinning frame well, and knew all about the frame, that there was nothing about it she did not fully understand; that when she first went to work she was told that the cogs were under the casing, and that it was dangerous to handle them when the frame was running; that the frame was in good order, and there was no defect about it; that she had attended school for four years, and could read and write very well.

Jim Hudgins was examined as a witness by the plaintiff, and testified that he had not given any orders to clean the cogs; that it was dangerous to clean them when the machine was running, and against the rules to do so. Tom Pruitt, a witness for plaintiff, testified substantially to the same effect, and also testified that a copy of the rules were printed and hung on the wall at the entrance of the spinning room, one of which is: "Cleaning of machinery must be done after stopping time. All help cautioned not to clean machinery while running, as it is dangerous." He also testified that he had spoken to the plaintiff about the danger of cleaning while the frame was running, had told her of this danger not more than an hour before she was hurt, had seen her wiping off the frame while it was in motion, and told her to keep her hand away from the

gear head, that she stopped while he was there, and in a half or three-quarters of an hour she had been hurt and was being carried out.

It will be noticed that the only evidence which has the least tendency to sustain any allegation of the complaint is the statement by the plaintiff that "Jim Hudgins, section hand," ordered her "to clean the frame when it was running." Whether that expression means that his order was that she should clean it while it was running, or merely that the order was given while it was running, does not clearly appear; but, however that may be, the plaintiff does not testify that he was one whose orders she was bound to obey, etc., nor that he had any superintendence, nor is there any testimony tending to show that. On the contrary, her witness, Hudgins, testified that Tom Pruitt was overseer and acting section hand, and that it was his duty to give orders to the hands. In addition, her own testimony shows that she was perfectly familiar with the machine, and fully aware of the danger; and, even if such order had been given by a proper person, she should not have obeyed it.—1 Lebatt, Master & Servant, § 438, p. 1234 et seq. See, also, as to the general liability in such cases, *Mundhenke v. Oregon City Co.*, 47 Or. 127, 81 Pac. 977, 1 L. R. A. (N. S.) 278; *Townsend v. Langles,* (C. C.) 41 Fed. 919; *St. Louis Cordage Co. v. Miller,* 126 Fed. 495, 61 C. C. A. 477, 63 L. R. A. 551; *Ennis v. Maharajah,* 49 Fed. 111, 1 C. C. A. 181; *Higgins Carpet Co. v. O'Keefe,* 79 Fed. 900, 25 C. C. A. 220; *Fones v. Phillips,* 39 Ark. 17, 43 Am. Rep. 264; *Moss v. Mosely,* 148 Ala. 168, 41 South. 1012.

The plaintiff was guilty of contributory negligence. The court should have given the general affirmative charge, as requested by the defendant. The judgment of the court is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and McCLELLAN and MAYFIELD, JJ., concur.