CESIDIO PELLEGRINO, Appellant, *v.* CLARENCE L. SMITH COMPANY, Respondent.

Master and servant — negligence — injury to workman by fall of stone from wall — when failure of foreman to make examination evidence of negligence.

Where it appears, in an action by a workman against employer under the Labor Law, that plaintiff, who was excavating for the foundation of a building, called the attention of defendant's foreman to a stone in the bank about which there were cracks, two to three inches wide, and the foreman without making an examination told him that there was no danger and to go on with his work, and half an hour later the stone fell crushing plaintiff's hand, it was error for the Appellate Division to reverse the judgment for plaintiff, upon the ground that the foreman's conduct was evidence not of negligence but at the utmost of error of judgment. A jury might fairly find that the foreman, however honest his error, had failed in his duty of reasonable inspection. Neither is plaintiff chargeable as a matter

of law with contributory negligence. He relied upon the judgment of his superior who had been engaged in the business upwards of sixteen years and whether his reliance was reasonable was a question for the jury.

Pellegrino v. Smith Co., 176 App. Div. 930, reversed.

(Argued March 11, 1919; decided April 8, 1919.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 5, 1917, reversing a judgment in favor of plaintiff entered upon a verdict and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Achille J. Oishei-Hoschek* and *Charles Oishei* for appellant. There was sufficient evidence on which the jury could find, and did find, that the foreman upon the complaint of the plaintiff did not make a proper and thorough inspection of the stone to ascertain whether it was loose and in a dangerous condition prior to its fall. (*Simone* v. *Kirk*, 173 N. Y. 12; *Walsh* v. *N. Y. & Q. C. R. R. Co.*, 80 App. Div. 318; 178 N. Y. 588; *Kirby* v. *Montgomery Bros. & Co.*, 197 N. Y. 31; *Rowley* v. *Am. Illuminating Co.*, 83 App. Div. 609.) The defendant having undertaken to notify the plaintiff in case there was any danger, and the plaintiff relying thereon, the failure of the defendant to warn the plaintiff thereafter, by which he sustained injury, justified the jury in finding that the defendant was negligent. (*Lapaca* v. *L. S. & M. S. Ry. Co.*, 127 App. Div. 844.)

*Arthur R. Wing* and *John J. Haley* for respondent. No negligence on the part of defendant was shown. The master does not insure against errors of judgment on the part of a competent and reasonably prudent fore-man, and unless such rule is adopted, plaintiff has failed to show any negligence on the part of defendant. (*Scott* v. *D., L. & W. R. R. Co.*, 148 App. Div. 701; *Citrone* v.

*O'Rourke,* 188 N. Y. 339; *Mullen* v. *Genesee Co.,* 202 N. Y. 279.)

CARDOZO, J.   This is an action under the Labor Law (Consol. Laws, chap. 31) by workman against employer.

On September 22, 1913, the plaintiff was engaged in excavating for the foundations of a building. His hand was crushed by a stone which fell out of the wall as he worked. He had noticed cracks about the stone, and had called them to the attention of his foreman. They were two and a half or three inches wide. The foreman told him that there was no danger, and to go on with the work. Simple tests would have shown the insecurity of the stone. The foreman made none. A half hour after the assurance of safety the stone fell.

Those are the facts according to the plaintiff's evidence. Many of them are disputed, but the jury accepted the plaintiff's version. The Appellate Division reversed upon the ground that the foreman's conduct was evidence, not of negligence, but at the utmost of error of judgment. We do not share that view. Error of judgment there may have been, but error is not inconsistent with fault. The standard of diligence exacted is that of the typical prudent man. The individual must answer for the consequences when he falls below that norm (*Maguire* v. *Barrett,* 223 N. Y. 49, 54, 55; *Mertz* v. *Conn. Co.,* 217 N. Y. 475, 477; *Williams* v. *Hays,* 143 N. Y. 442, 454). A jury might fairly find that this foreman, however honest his error, had failed in his duty of reasonable inspection. Liability has heretofore been adjudged in other cases upon facts substantially the same (*Bitolio* v. *Bradley Contracting Co.,* 222 N. Y. 553; *Campullu* v. *Bradley Contracting Co.,* 222 N. Y. 634; *O'Rourke* v. *McMullen-Snare & Triest, Inc.,* 222 N. Y. 719; *Mullahey* v. *Dravo Contracting Co.,* 211 N. Y. 583).

We cannot say that the plaintiff is chargeable as a matter of law with contributory negligence. He tells

us that he relied upon the judgment of his superior, who had been engaged in the business for upwards of sixteen years.   Whether reliance was reasonable, was a question for the jury (*Rice* v. *Eureka Paper Co.*, 174 N. Y. 385; *Daley* v. *Schaaf*, 28 Hun, 314; *Seaboard Air Line Railway* v. *Horton*, 239 U. S. 595, 600; *McCabe & Steen Constr. Co.* v. *Wilson*, 209 U. S. 275, 282).

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in the Appellate Division and in this court.

HISCOCK, Ch. J., CHASE, HOGAN, POUND, MCLAUGHLIN and ANDREWS, JJ., concur.

Order reversed, etc.