GUISEPPE YACONI, Respondent, *v.* BRADY & GIOE, INC., Appellant, Impleaded with Another.

Negligence — master and servant — ships and shipping — stevedores — duty of employer to cover up greasy spot on floor of vessel which stevedores were engaged in loading — negligence of fellow-servant no defense to action for injury — assumption of risk — promise of fellow-servant to remedy defect ineffective to lay burden of risk on master — defense of assumption of risk good against stevedore.

1. Oil or grease scattered over the floor for a space about a yard square, in the hold of a vessel, which stevedores were engaged in loading, may fairly be found to be a danger which should have been corrected with promptness by a diligent employer.

2. An argument that failure to get sawdust, kept on the pier about five minutes walk from the vessel, to cover up the spot, was the result of negligence of fellow-servants for which the employer was not responsible in the absence of a statute, cannot be sustained, where there is no basis for a finding that the correction of the danger was merely a detail of the work or that the danger was one incidental to the progress of the work itself. The duty to use reasonable care in supplying a servant with a safe place in which to work is one resting on the master and may not be shaken off by delegation to another.

3. In an action, however, by a stevedore against his employer to recover for personal injuries received from slipping on the grease,

where it appears not only that the danger was obvious but that plaintiff marked and understood it and called out to the man at the gangway that the grease must be covered, it must be held that in going on with the work, on the promise of the gangway man that he would notify the boss and that the sawdust would be brought, plaintiff assumed the risk. The promise of a mere fellow-servant was ineffective to lay the burden of the risk on the master between the time of making the promise and the time for fulfillment.

4. The defense of assumption of risk is good against a stevedore. He is not a seaman under the rule of the general maritime law specially exempting those subject to the power of the master from that defense, and the Federal Employers' Liability Act, if applicable, does not change the law of assumption of risk, except where the injury is the result of failure to comply with a specific statutory duty.

*Yaconi* v. *Brady & Gioe, Inc.*, 220 App. Div. 705, reversed.

(Argued October 28, 1927; decided November 22, 1927.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 18, 1927, unanimously affirming a judgment in favor of plaintiff entered upon a verdict.

*H. H. Brown* and *E. C. Sherwood* for appellant. Section 33 of the Merchant Marine Act of 1920, commonly known as the Jones Act, is not applicable to this case, since at the time of the accident the plaintiff was working on a foreign vessel. (*Clark* v. *Montezuma Transportation Co., Ltd.*, 217 App. Div. 172; *The Pinar Del Rio*, 16 Fed. Rep. [2d] 984; *Resigno* v. *Jarka Co., Inc.*, 221 App. Div. 214; *Rainey* v. *N. Y. & P. S. S. Co.*, 216 Fed. Rep. 449; *The Navarino*, 7 Fed. Rep. [2d] 743.) If there was any negligence herein, it was that of a fellow-servant concerning a detail of the work. (*McConnell* v. *Morse I. W. D. D. Co.*, 187 N. Y. 341; *Madigan* v. *Oceanic Steam Navigation Co.*, 178 N. Y. 242; *Dair* v. *N. Y. & P. R. S. S. Co.*, 204 N. Y. 341; *De Pirro* v. *Robins Co.*, 210 N. Y. 93; *Dailey* v. *Stoll*, 211 N. Y. 74; *Vogel* v. *American Bridge Co.*, 180 N. Y. 373; *Kreigh* v. *Westinghouse, Church, Kerr & Co.*, 214 U. S. 249; *Perry* v. *Rogers*, 157 N. Y. 251; *Russell* v. *Lehigh Valley R. R. Co.*, 188 N. Y.

344; *La Marca* v. *Atlantic Stevedoring Co.*, 164 App. Div. 490.) Plaintiff assumed, as matter of law, the risks incident to his employment. (*The Scandinavia*, 156 Fed. Rep. 403; *Delaware, L. & W. R. R. Co.* v. *Tomasco*, 256 Fed. Rep. 14; *McAdoo* v. *Anzellotti*, 271 Fed. Rep. 268; *Cunard S. S. Co.* v. *Smith*, 255 Fed. Rep. 846; *The Saratoga*, 94 Fed. Rep. 221; *The Serapis*, 51 Fed. Rep. 91.)

*Thomas A. McDonald* and *William F. Purdy* for respondent. The verdict of the jury is amply supported by evidence of negligence on the part of the defendant. (*Durkin* v. *Sharp*, 88 N. Y. 225; *Fuller* v. *Jewett*, 80 N. Y. 46; *Steiner* v. *Steamer " Spokane*," 294 Fed. Rep. 242.) The common-law defenses of contributory negligence, assumption of risk and fellow-servant doctrine are not defenses to this action, since the Jones Act is applicable. (*International Stevedoring Co.* v. *Haverty*, 272 U. S. 50; *Nox* v. *U. S. Shipping Board E. F. C.*, 103 N. Y. Supp. 340; *Chesapeake, etc., R. Co.* v. *DeAtley*, 241 U. S. 310; *Central Vermont Ry. Co.* v. *White*, 238 U. S. 507; *Patrone* v. *Howlett, Inc.*, 237 N. Y. 394; *Coast Steamship* v. *Brady*, 8 Fed. Rep. [2d] 16; *Robert* v. *U. S. S. B. Emergency Fleet Corp.*, 240 N. Y. 474; *Larson* v. *Nassau Elec. R. R. Co.*, 223 N. Y. 14.) The defendant herein not only received actual notice, but was charged with notice of the unsafe condition of the hold of the vessel. (*Larson* v. *Nassau Elec. R. R. Co.*, 223 N. Y. 14.)

CARDOZO, Ch. J. Plaintiff, a longshoreman, was employed by Brady & Gioe, Inc., a corporation engaged in the business of master stevedores, to do work in the loading of the *Kingsholm*, a vessel owned and operated by the Swedish-American Line, a Swedish corporation. While carrying a heavy bar of copper, he slipped upon some grease and fell, suffering injuries for which he sued. The trial judge dismissed the complaint against the owner of the vessel. He left to the jury the question whether

there had been a breach of duty by the employer. A judgment entered on a verdict for $2,010.17 has been unanimously affirmed.

Plaintiff with other men was sent down into the hold about one o'clock in the afternoon. He found some spots of grease or oil scattered over the floor for a space about a yard square. He called to the gangway man to notify the " boss " who was at the dock, and have some sawdust or a piece of wood supplied to cover the slippery parts. He had been told to send word in this way whenever he had need of anything in the doing of his work. The gangway man thus notified, shouted: " Go on working, I will notify the boss, and the sawdust will come after." An hour passed, but the sawdust did not come. The plaintiff fell and broke his leg.

The case went to the jury to say whether there had been a negligent failure by the master to make the place of work safe. So large a spot of oil might fairly be found to be a danger which should have been corrected with promptness by a diligent employer (*The Spokane*, 294 Fed. Rep. 242). Indeed, the danger is not disputed. The defendant says, however, that means to correct it were at hand, and that the use of these means was a mere detail of the work. The evidence is that there was a shanty on the pier where sawdust was kept. It was distant about five minutes' walk from the place where plaintiff was at work. From this the argument is made that the failure to get the sawdust was the result of the negligence of fellow-servants for which the defendant is not liable in the absence of a statute.

We find no basis for a holding that the correction of this danger was merely a detail of the work (cf. *Atlantic Transport Co.* v. *Imbrovek*, 234 U. S. 52). The duty to use reasonable care in supplying a servant with a safe place in which to work is one resting on the master, and may not be shaken off by delegation to another. Occasions arise, however, when the progress of the work itself

develops incidental dangers though the place is safe at the beginning. In such a situation the master may fulfill his duty if he furnishes his men with proper means or facilities to obviate these dangers as they emerge from time to time (*Madigan* v. *Oceanic Steam Nav. Co.*, 178 N. Y. 242; *Vogel* v. *Am. Bridge Co.*, 180 N. Y. 373; *Dailey* v. *Stoll*, 211 N. Y. 74). There is nothing in the evidence to bring this case within the orbit of that principle. We have no reason to believe that the danger was one incidental to the progress of the work itself. On the contrary, one finds it difficult to see how oil could have come into the hold as the result of anything incidental to the loading of copper bars. Not only that, but we have no reason to believe that the hold had been made safe at the beginning of the job, and had become unsafe thereafter. On the contrary, the oil was visible to the plaintiff and those with him when first they went below. Even if we should assume that the defendant was not remiss in failing to observe it sooner, there was at least a duty to use reasonable diligence in removing the danger after notice of its presence. The jury might find upon the evidence that this duty was ignored.

The question remains whether there was an assumption of the risk. The danger was obvious. Not only was it obvious, but the plaintiff marked and understood it. He called out to the man at the gangway that the grease must be covered or the men would slip on it. He knew that there was no pathway to his work except across the spot of danger. The situation was much the same as in *Jacobs* v. *Southern Ry. Co.* (241 U. S. 229). In going on with the work, he made the risk his own (*Crown* v. *Orr*, 140 N. Y. 450; *Colleli* v. *Turner*, 215 N. Y. 675; *Larson* v. *Nassau Electric R. R. Co.*, 223 N. Y. 14, 20; *Butler* v. *Frazee*, 211 U. S. 459).

A different question would be here if the employer or an authorized representative had promised to remove the danger, and had asked the servant in the interval to con-

tinue at the job (*Rice* v. *Eureka Paper Co.*, 174 N. Y. 385; *Seaboard Air Line* v. *Horton*, 239 U. S. 595, 600; *Pellegrino* v. *Smith Co.*, 226 N. Y. 165). In such a case the master and " not the servant, assumes the risk between the time of the promise and the time for its fulfilment " (*Rice* v. *Eureka Paper Co., supra*, at p. 392). A promise is ineffective to lay that burden on the master unless made by some one with authority (4 Labatt, Master & Servant, 1342, 1344, and cases there cited). The gangway man, so called, was not such a person. He did no more than guide the draft and signal the winchman when to lower and hoist the load. His promise had no greater significance than that of any other fellow-servant ( *United Zinc Co.* v. *Wright*, 156 Fed. Rep. 571). If some one in authority had been present with opportunity to mark the risk, he might have told the men to stop till they were able to go on in safety. The plaintiff did not stop, but, knowing all the chances, was willing to go on in danger. The delay of a few minutes would have been enough, for if another did not bring the sawdust, he could have gone for it himself. The alternative was his, either to stop for this brief time, or to go on at his own risk. To his undoing he chose the risk.

The case was tried upon the theory that the defendant's liability, if any, was governed by the general maritime law unaffected by a statute (*Robins Drydock Co.* v. *Dahl*, 266 U. S. 449). The question has been argued whether it might properly have been tried under the act of Congress of June 15, 1920, known as the Jones Act (41 Stat. ch. 250, p. 988). The Supreme Court has held that the act puts a stevedore within the zone of its protection. " It is true that for most purposes, as the word is commonly used, stevedores are not ' seamen.' But words are flexible " (*Int. Stevedoring Co.* v. *Haverty*, 272 U. S. 50). The point is made, however, that the act is not to be extended to seamen upon foreign vessels. There are

20

decisions in the Appellate Divisions refusing that extension (*Clark* v. *Montezuma Transp. Co.*, 217 App. Div. 172; *Resigno* v. *Jarka Co., Inc.*, 221 App. Div. 214). The question is an important one, but not for this appeal. Upon the facts before us, the plaintiff would gain nothing if the statute should be held to cover him. All that the Jones Act does is to give the benefit of the Employers' Liability Act of Congress (35 Stat. 65) to those within its purview. The Employers' Liability Act, however, does not change the law of assumption of risk, except where the injury is the result of the failure to comply with a specific statutory duty (*Seaboard Air Line Ry.* v. *Horton*, 233 U. S. 492, 503; 239 U. S. 595, 600; *Jacobs* v. *Southern Ry. Co.*, 241 U. S. 229). " The distinction between contributory negligence and assumption of risk was always a close one. The two concepts seemed often to overlap, and often it did not become necessary to discriminate between them. But whenever discrimination between them became necessary, the use of defective ways or works with notice of the defect and appreciation of the danger was held to be an assumption of the risk and not contributory negligence " (*Maloney* v. *Cunard S. S. Co.*, 217 N. Y. 278, 282, and cases there cited; cf. *Seaboard Air Line* v. *Horton, supra*).

The plaintiff is thus remitted to the common law of the sea. No claim is made in his behalf that under the maritime law the defense of assumption of risk is excluded against one in his position. The defense is not a good one under that law when a seaman, in the ordinary sense, one subject to the authority and discipline of a master of a vessel, is injured aboard ship (*Lynott* v. *Great Lakes Transit Corp.*, 202 App. Div. 613; affd., 234 N. Y. 626; *Cricket S. S. Co.* v. *Parry*, 263 Fed. Rep. 523; cf. *Chelentis* v. *Luckenbach S. S. Co.*, 247 U. S. 372). There are many decisions that it is good against a stevedore (*Cunard S. S. Co.* v. *Smith*, 255 Fed. Rep. 846; *D., L. & W. R. R. Co.* v. *Tomasco*, 256 Fed. Rep. 14; cf. *Maleeny* v. *Standard S.*

*Corp.*, 237 N. Y. 250, 255; HOLMES, J., in *Knickerbocker Ice Co.* v. *Stewart*, 253 U. S. 149, 167). A stevedore, however styled under the Jones Act, is not a seaman under the rule of the general maritime law with its special exemption to those subject to the power of the master (*Int. Stev. Co.* v. *Haverty, supra*). One might as well bring within that class a laborer employed by a contractor to repair a vessel in a dry dock (*Butler* v. *Robins Dry Dock & Repair Co.*, 240 N. Y. 23). Such a laborer is subject to the general maritime law, but not to the distinctive features of that law which apply to seamen and no others. No one would think of saying that his damages would be measured by maintenance, cure and wages (*Chelentis* v. *Luckenbach S. S. Co., supra; Carlisle Packing Co.* v. *Sandanger*, 259 U. S. 255). " Words," as we are told, " are flexible " (*Int. Stev. Co.* v. *Haverty, supra*).

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.