DAVID GILBERT, Plaintiff, *v.* INTERNATIONAL MERCANTILE MARINE
COMPANY, Defendant.

Supreme Court, New York County, January 3, 1928.

**Ships and shipping — stevedore — action for injuries — defense of assumption of risk is good under Jones Act (41 U. S. Stat. at Large, 988) — contributory negligence is partial defense only.**

Plaintiff, a stevedore, was injured while in the defendant's employ, and in this
action to recover damages the defendant has interposed the defense of assumption
of risk and contributory negligence. Plaintiff's motion to strike out the defense
of assumption of risk must be denied, for the Jones Act (41 U. S. Stat. at Large,
988, chap. 250) does not deprive the defendant of the defense of assumption of
risk in an action by a stevedore.

However, contributory negligence is only a partial defense in diminution of
damages, but since the defendant has pleaded the two defenses as one, and
since the defense of assumption of risk is sufficient, the motion to strike out
the entire defense must be denied, but the defendant will be limited with respect
to contributory negligence by the rule of comparative negligence.

MOTION to strike out defense as insufficient in law under subdivision 6 of rule 109 of the Rules of Civil Practice.

*Cohen & Sleppin,* for the plaintiff.

*Burlingham, Veeder, Masten & Fearey,* for the defendant.

FRANKENTHALER, J.    In this action by a stevedore, who claims to
have suffered personal injuries while in the defendant's employ,
the defendant has interposed as a separate defense assumption of
risk and contributory negligence by the plaintiff.

The plaintiff moves to strike out this defense as insufficient in
law, calling attention to the provisions of the Jones Act (41 U. S.
Stat. at Large, chap. 250, p. 988). In the recent case of *Yaconi
v. Brady & Gioe, Inc.* (246 N. Y. 300), Chief Judge CARDOZO
points out that the defense of assumption of risk is available against
a stevedore under general maritime law and that the Jones Act
has not deprived the employer of the right to rely upon it. The
decisions and dicta of lower courts to the contrary must be deemed
overruled so far as such decisions and dicta relate to actions by
stevedores as distinguished from seamen in the narrower sense.
Contributory negligence, however, is now only a defense in
diminution of damages in actions brought by injured stevedores
or seamen under the Jones Act. If pleaded alone it is insufficient
as a separate defense unless the defense is labeled as a partial
defense only.

Since, however, the defendant has seen fit to blend into one

defense the two matters of assumption of risk and contributory negligence and since this defense, so far as assumption of risk is concerned, is sufficient in law the motion to strike out the entire defense must be denied, but with respect to the allegations of contributory negligence the defendant will be limited on the trial by the admiralty rule of comparative negligence. Order signed.