NEW YORK INDEMNITY COMPANY, Plaintiff, *v.* UNITED STATES STEEL PRODUCTS COMPANY, Defendant.

Supreme Court, New York County, April 2, 1932.

*Clarence E. Mellen,* for the plaintiff.

*Kirlin, Campbell, Hickox, Keating & McGramm [James H. Herbert* and *Vernon S. Jones* of counsel], for the defendant.

GAVEGAN, J. New York Indemnity Company, as subrogee, brings this action, tried without a jury, to recover some $17,000 paid by it as an insurer, against liability for negligence, of Overseas Shipping Company, Inc., a stevedore. Plaintiff's insured and the defendant in this case, United States Steel Products Company, became jointly liable to pay a judgment entered in favor of one

Rheinhardt, in a negligence action to recover for personal injuries maintained by him against them. The insurer, New York Indemnity Company, claims it is entitled to be reimbursed for the entire amount it paid Rheinhardt. It claims in the first place that the fault which imposed liability on the shipowner in favor of Rheinhardt also imposes upon the shipowner liability to respond to the stevedore; and, secondly, that the stevedore was not found, in the *Rheinhardt* case, primarily negligent.

The injured longshoreman was working with others for the stevedore, loading a steamship from a lighter. The stevedore was doing the work under a contract with the shipowner, the defendant in this action. Rheinhardt's injuries were due to a fall from a ladder, a rung of which broke as he was descending from the steamship to the lighter. The ladder was furnished to Overseas Shipping Company, Inc., by United States Steel Products Company.

In the *Rheinhardt Case* (218 App. Div. 818) there was testimony that an icy coating had rendered the ladder dangerous to use; that this had been called to the attention of the stevedore's representative in charge of the work, who, nevertheless, failed to furnish any other ladder prior to the accident, saying, " You will have to make the best of it; " and that in going down from the steamship to the lighter it was necessary to hold on carefully with the hands, to avoid falling.

The verdict in Rheinhardt's favor, against the stevedore and the shipowner, necessarily implies that the shipowner was found negligent because it furnished the stevedore with a defective ladder. There was no other ground on which the shipowner might be held liable. But the ground on which the stevedore was held liable to the injured longshoreman is not so apparent. Defendant in this action, United States Steel Products Company, contends that the jury found Overseas Shipping Company, Inc., negligent on account of the icy condition of the ladder, whereas the plaintiff, the insurer of the stevedore, contends that, as a matter of law, the jury could have held Overseas Shipping Company, Inc., on no ground other than failure to make an adequate inspection of the ladder. Unless it can be determined that the stevedore was not held liable for allowing the danger from ice to continue unabated during the course of the work, defendant must have judgment. Indeed, it seems to be conceded that this subrogee cannot recover unless its insured was held liable to Rheinhardt solely for negligence in inspecting the ladder. Counsel for plaintiff says: " * * * The evidence discloses no causal connection between the ice on the ladder and either Rheinhardt's fall, or the breaking of the ladder. It is elementary that in the absence of such causal connection, the presence of the ice, even if negligent, would impose no liability.

" In addition, Rheinhardt assumed, as a matter of law, the risk of danger due to the ice. He knew the ice was there. He realized the danger therefrom. No promise of repair or replacement was made."

In spite of these statements made on behalf of plaintiff, the evidence before the jury was such as to warrant a finding of fact that the icy condition of the ladder was a concurrent cause of the accident. Whether on that ground the jury were free to hold the stevedore liable to Rheinhardt is the difficult question in this case.

That they were not is asserted for plaintiff, its counsel referring to what was said by the Court of Appeals in *Yaconi* v. *Brady & Gioe, Inc.* (246 N. Y. 300). It was there held that the employee of a stevedore had assumed the risk of injury from slipping upon grease which he had called to the attention of a gangwayman who indicated that the condition would be remedied. However, none of the issues in the *Rheinhardt* action are to be tried over again in this case. What the court is now required to ascertain, if possible, is whether or not liability to the injured longshoreman was fastened on the stevedore because it allowed the danger from the ice to continue while its employees were engaged in loading the steamship. To obtain a decision in its favor New York Indemnity Company muts show, without question, that the jury in the personal injury action were not allowed to consider the slippery condition of the ladder in arriving at their verdict against the stevedore and based it, therefore, on negligence in inspecting the ladder.

The court charged that the stevedore was bound to furnish the longshoremen " with a reasonably safe place in which to work, taking into consideration the character of the work to be performed as well as the ordinary hazards of the employment; " and that, " if the employer failed to use proper and reasonable diligence to provide such a reasonably safe place in which to work, the employer is guilty of negligence   *   *   *."

It was charged as well that: " Neither can the plaintiff recover if the happening of such an accident as this was one of the risks assumed by the plaintiff as incident to his employment. But it must be remembered that plaintiff did not assume any risks caused by the negligence of the defendants. The risks which a servant or employee assumes are either such as are incident to his employment after the master has discharged his duty of reasonable care to prevent them, or such as are quite as open and obvious to the employee as to the master."

The following also occurred: " Mr. Mellen: I request your Honor to charge the jury that by unsafe employment as a longshoreman, the plaintiff assumed the risk of any injuries obviously incident to the discharge of his duties as a longshoreman. The Court: I so charge."

In deciding this case it would be proper to go no further than to determine from the record, including the pleadings, the evidence and the charge in the *Rheinhardt* case, whether the jury were left free to find the stevedore liable to the injured longshoreman for allowing the ladder to remain in an icy condition.

Rheinhardt's complaint alleged that the accident and his injuries were due solely to the negligence of the defendants in his action, the parties to this action, " in that the defendant Overseas Shipping Company, Inc.," the stevedore, " failed and omitted to furnish and provide the plaintiff with a reasonably safe place to work and with reasonably safe, proper and sufficient tools and appliances with which to perform his work; in that the said defendant failed and omitted to furnish and provide the plaintiff with a reasonably safe means of passing from the said steamship to the said lighter; in that said defendant, its vice-principals and others charged by law with the due performance of the duties imposed by it, were careless and negligent in the performance of such duties and of said work; in that the defendants otherwise wholly failed and omitted to exercise that degree of care, caution and prudence which the law, under the circumstances then existing, imposed upon them; " and in that Overseas Shipping Company, Inc., and its codefendant were in other respects negligent. The record shows conclusively that the complaint was considered at the trial of the negligence action sufficient to warrant the evidence taken as to the danger to the longshoremen due to the ice.

It is not now to be decided whether Rheinhardt, as a matter of law, did or did not assume the risk due to the ice. That there could be no recovery on such a theory was not requested as an instruction to the jury by counsel for the stevedore. To serve the purpose of the plaintiff in this case, counsel did not go far enough in having the court charge " that by unsafe employment as a longshoreman, the plaintiff assumed the risk of any injuries obviously incident to the discharge of his duties as a longshoreman." In support of the plaintiff's claim it is not made sufficiently clear that as a matter of law the danger from the ice was excluded from the jury's consideration.

Counsel for the stevedore did make the following request to charge: " I request your Honor to charge the jury that there is no evidence tending to show that the ice on the ladder was the proximate cause of the injury." To which the court responded: " The Court: I will leave that to the jury to determine whether or not there is such evidence." This, if in point at all, is unfavorable rather than favorable to the plaintiff insurer. It may be understood to mean that the jury could consider the danger due to ice.

Counsel refrained from fairly and squarely asking for a statement

by the court to the jury such as would have resulted in a ruling decisive of the present controversy.

We must take the charge as it is given; and plaintiff here cannot recover in the presence of doubt as to whether the jury were free to find the danger from ice a concurrent cause of Rheinhardt's accident. Inferences from the charge and the evidence were for the jury. They may not be drawn now; for a decision in favor of plaintiff may not be based upon speculation as to what the jury may have believed as to the meaning of the charge or as to the effect of the evidence. Apparently, on the appeal prosecuted to the Appellate Division by the stevedore (*Rheinhardt* v. *U. S. Steel Products Co.*, 218 App. Div. 818), counsel for Rheinhardt conceded that, had ·a proper request been made, the trial justice would have instructed the jury that no liability could be imposed upon the stevedore because of the icy condition of the ladder. Had such a concession been made ·at the trial, it would now have to be considered in deciding the claim made by New York Indemnity Company. But what was said to the appellate court in no way changes the conclusion from the record that the charge could be understood by the jury as allowing them free to hold the stevedore because of the icy condition of the ladder. It cannot be said with certainty that the danger from ice could not have been a ground for rendering the verdict against the stevedore.

The foregoing makes it unnecessary to consider whether plaintiff might recover if it could be shown that liability was fastened on the stevedore solely on a finding that it did not adequately inspect the ladder.

There will be judgment for defendant. Submit findings.