## SCHEFFLER v. MORAN TOWING & TRANSPORTATION CO., Inc., et al.

### No. 81.

Circuit Court of Appeals, Second Circuit.
Dec. 11, 1933.

E. C. Sherwood, of New York City (William L. O'Brion, of New York City, of counsel), for appellant.

Edgar J. Treacy, of New York City, for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

The libellant was a cook employed on one of the respondent's harbor tugs. The crew of five consisted of a master, a deckhand, an engineer, a fireman, and the libellant, who engaged not only as cook, but as deckhand if needed. On the morning in question the deckhand failed to appear when the tug left her berth; he boarded the tug only after the accident. Part of the tug's work was to pick up two scows lying side by side at a pier end in the North River, made fast to each other by a head line. She nosed in between them, meaning to take up one on either hand. The libellant tended the forward lines; the fireman, the stern lines. Two towing straps were rigged forward on the tug, one for each scow. The libellant by his own story passed the starboard strap to the bargee of the starboard scow, and then a head line to him. He then passed the port towing strap to the bargee of the port scow, who carried it aft on the scow, and made it fast. Next the libellant passed a head line to the same bargee who was carrying it forward to make fast, when the libellant carelessly got his leg in a bight of the port towing strap, which, as the scow drifted back with the tide, caught and injured him. Meanwhile the tug was being properly managed; indeed, but for the quick action of the master in relieving the strain on the towing strap, the injury would have been much greater. The libellant, a man fifty-two years old, had had an experience of twenty-five years in handling lines; it was his custom, when the deckhand was missing, to take his place. The only reason to charge the tug is that when the deckhand was on board he handled the forward lines, which were more numerous than the after ones, and therefore needed more constant attention and activity. The judge found the tug unseaworthy because shorthanded, and thought the injury a consequence for which the respondent was liable; a "proximate" result. However, he found the libellant negligent on his own part and accordingly reduced his recovery to $1,500. On the appeal the libellant by leave of this court added a cause of suit for maintenance and cure. The respondent in turn moved to compel him to elect between the cause of suit, as alleged under the Jones Act, and any cause of suit implicitly arising under the maritime law. As will appear, we do not find it necessary to pass upon this motion.

We shall assume arguendo with the judge that the tug was unseaworthy, and confine our difference with him to the responsibility arising from that fault. If liability for unseaworthiness depends alone upon the causal relation of the fault to the injury, it existed here. The libellant would have been aft, had the deckhand been present, and would not have caught his foot; the short-handedness of the tug was the cause of the injury in fact.

Our decision in Storgard v. France and Canada S. S. Corp., 263 F. 545, held that the likelihood of the injury was not a factor in liability for gear which was unseaworthy, and there would seem to be no distinction between that and a deficient complement. But though the holding certainly went so far, as will appear from the excerpt from the charge below, it is not wholly clear whether we meant to say that an owner was liable for all injuries arising from unseaworthiness, or whether we were invoking the doctrine announced on the same day in Cricket S. S. Co. v. Parry (C. C. A.) 263 F. 523; that is, that a seaman does not assume the risk of defective gear which he is ordered to use at sea. We now reserve the point, being content to leave it open for a case in which it can be more thoroughly presented, and assuming for the time being that the owner is liable even though nobody could possibly anticipate that the defect would cause the injury.

This we can do because the libellant assumed the risk of the tug's short-handedness. It is indeed true in general that a seaman at sea does not assume the risk of any unseaworthiness, though it be known to him when he embarks. Cricket S. S. Co. v. Parry, supra (C. C. A.) 263 F. 523; Panama R. R. Co. v. Johnson, 289 F. 964 (C. C. A. 2); Zinnel v. U. S. S. B. E. F. Corp., 10 F.(2d) 47 (C. C. A. 2). This does not however excuse him when he has an alternative, [Holm v. Cities Service Transp. Co., 60 F.(2d) 721 (C. C. A. 2)]; nor does it excuse those who, though strictly speaking they are seamen, are employed upon harbor craft, on which they serve only during the day, leaving each night to go home, and renewing their work every morning, like any shore workmen. Such men are in the position of longshoremen or other casual workers on the water [Skolar v. Lehigh Valley·R. R. Co., 60 F.(2d) 893 (C. C. A. 2); The Scandinavia (D. C.) 156 F. 403], who assume all obvious risks, quite as though they were injured on shore. The Maharajah, 49 F. 111 (C. C. A. 2); The Saratoga, 94 F. 221 (C. C. A. 2); Cunard S. S. Co. v. Smith, 255 F. 846 (C. C. A. 2); Hardie v. N. Y. Harbor Dry Dock Corp., 9 F.(2d) 545, 546 (C. C. A. 2); Yaconi v. Brady & Gioe, Inc., 246 N. Y. 300, 158 N. E. 876. The libellant knew when the tug left that morning that he would be compelled to handle the lines for the absent deckhand, as he had done before. So far as this exposed him to any greater danger than in his usual place aft, he acquiesced in the risk. This fulfills all the elements of an assumption of risk and prevents his recovery.

We do not think that upon this record we should fix the amount of his maintenance and cure. The case was heard while that cause of suit was not in the libel, and the parties did not suppose that they were litigating it. We might be unfair to one or the other, if we tried to piece together a finding based upon the scraps of evidence here and there in the record. The case will go back for a hearing upon the cause of suit for maintenance and cure.

Decree reversed; libel dismissed except as to maintenance; cause remanded for trial upon that cause of suit. No costs upon this appeal.

MANTON, Circuit Judge (concurring).

Assuming the tug was unseaworthy because of the absence of the deck hand, this was not the proximate cause of the injury to the appellee. It was his own negligence which brought about his injury. I think the rule of assumption of risk has no application to the circumstances here, but I concur in the result.