**CALVINO v. FARLEY et al.**

District Court, S. D. New York.

March 19, 1938.

Silas B. Axtell, of New York City (Dominick Blasi, of Brooklyn, N. Y., of counsel), for plaintiff.

Hunt, Hill & Betts, of New York City (William R. Meagher and Helen Touhy, both of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The motion is to dismiss a cause of action for maintenance and cure as insufficient on its face. According to the complaint, the plaintiff, while in the employ of Outeda & Company and receiving wages from that concern, was sent by his employer aboard the defendants' vessel to do work there, and received injuries while on board. It is alleged that although the plaintiff was employed not by the master or owner but by an independent contractor, the work being done by him was of a kind ordinarily done by seamen. Relief for maintenance and cure in the sum of $5,000 is demanded.

By general maritime law a vessel and her owner are bound to provide maintenance and cure to a seaman falling sick or sustaining injury in the service of the vessel, irrespective of negligence. The obligation springs from the relationship the seaman bears to his vessel and is deemed by law to be an inevitable incident of the contract of employment. Pacific Steamship Co. v. Peterson, 278 U.S. 130, 49 S. Ct. 75, 73 L.Ed. 220; Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368. The liability for maintenance and cure is one owed only to seamen. It does not extend to other maritime workers, surely not to persons employed by an independent contractor who perform work on a vessel while in port. See Yaconi v. Brady & Gioe, Inc., 246 N.Y. 300, 307, 158 N.E. 876.

Here the work in which the plaintiff was engaged was maritime in character, but he was not a seaman and no contractual relationship existed between him and the defendants. It is of no importance that the plaintiff might be deemed a seaman within the scope of the Jones Act, 46 U.S. C.A. § 688. Uravic v. Jarka Co., 282 U.S. 234, 239, 51 S.Ct. 111, 112, 75 L.Ed. 312. The objection made by the defendants is a sound one, and the second cause of action in the complaint will be dismissed as insufficient on its face.