**RACKUS v. MOORE–McCORMACK LINES, Inc.**

No. 9220.

United States District Court
E. D. Pennsylvania.

July 28, 1949.

---

Herbert Jerome Bass, Philadelphia, Pa., for plaintiff.

Mark D. Alspach, Philadelphia, Pa., for defendant.

McGRANERY, District Judge.

Plaintiff filed a complaint against Moore-McCormack Lines, Inc., claiming damages for personal injuries suffered in the course of his employment aboard the defendant's vessel, and maintenance and cure. The plaintiff alleges that he was in the employ of the defendant in the capacity of a stevedore, but was acting as a seaman, at the time of the accident, working in navigable waters. Defendant has moved to dismiss the complaint under Rule 12, or in the alternative for summary judgment under Rule 56. Federal Rules of Civil Procedure, 28 U.S.C.A. As to the first cause of action, the ground for the motion is that the plaintiff's exclusive remedy against the defendant-employer is provided by the Longshoremen's and Harborworkers' Compensation Act, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq. As to the second cause of action, the ground for the motion is that the employer is not liable for maintenance and cure to one not a member of the crew of a vessel.

Under the Jones Act, 41 Stat. 1007, 46 U.S.C.A. § 688, a "seaman" may bring an action against his employer for personal injuries sustained in the course of his employment. The Supreme Court, in International Stevedoring Co. v. Haverty, 272 U.S. 50, 47 S.Ct. 19, 71 L.Ed. 157, held the benefits afforded a "seaman" under the Act to be available to a longshoreman engaged in loading or unloading a vessel at dock on navigable waters. But shortly thereafter, Congress enacted the Longshoremen's and Harborworkers' Compensation Act, establishing a system whereby certain maritime workers should receive redress for their injuries from their employers in the form of compensation. That Act excepts from its operation a master or a member of a crew of any vessel, section 3, and renders the employer's liability under the Act exclusive of all other liability of the employer to the employee, section 5. "We must take it that the effect of

these provisions of the Longshoremen's Act is to confine the benefits of the Jones Act to the members of the crew of a vessel plying in navigable waters and to substitute for the right of recovery recognized by the Haverty case only such rights to compensation as are given by the Longshoremen's Act." Swanson v. Marra Bros., 328 U.S. 1, 7, 66 S.Ct. 869, 872, 90 L.Ed. 1045.

■ Plaintiff alleges in his complaint that he was acting as a seaman. However, "seaman" is a term broad enough to cover both one who is a "member of a crew" and one who is not a "member of a crew". Carumbo v. Cape Cod S.S. Co., 1 Cir., 123 F.2d 991, 994. It must be determined whether the plaintiff here was a member of the crew of the vessel whereon he was injured.

It clearly appears that the plaintiff was hired on December 11, 1948, at 12:55 p. m., to report to work aboard the "Mormacmoon" the next morning, for the specific purpose of assisting in the discharge of a cargo from that ship; that he entered upon such duty; and that he was subject to orders, and took orders, from the hatch foreman, the stevedore foreman of the defendant, who hired the plaintiff.

■■ From these facts, it must follow that the plaintiff was not a member of the crew, or a "seaman" within the meaning of the Jones Act. "The requirements that the ship be in navigation; that there be a more or less permanent connection with the ship; and that the worker be aboard primarily to aid in navigation appear to us to be the essential and decisive elements of the definition of a 'member of a crew'." Carumbo v. Cape Cod S.S. Co., supra 123 F.2d at page 995, and cases therein cited. The plaintiff had no "more or less permanent" connection with the ship; he was primarily aboard to perform the sort of service rendered by a stevedore. See South Chicago Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Maryland Casualty Co. v. Lawson, 5 Cir., 94 F.2d 190.

■ If plaintiff was not a member of the crew, he comes within the purview of the Longshoremen's Act. It indeed appears that he has exercised his right to compensation under that Act. If he comes within the purview of that Act, he cannot maintain an action against his employer under the Jones Act. South Chicago Co. v. Bassett, supra; Swanson v. Marra Bros., supra.

■ Since plaintiff was not a member of the crew, his second cause of action for maintenance and cure must also fail. Stevedores and Longshoremen not members of the crew, even though they enjoyed the status of seamen under the Haverty decision, for the purpose of maintaining an action under the Jones Act, were not even then entitled to maintenance and cure. Calvino v. Farley, D.C., 23 F.Supp. 654; Yaconi v. Brady & Gioe, Inc., 246 N.Y. 300, 158 N.E. 876.

■ It appearing, therefore, that there is no genuine issue as to any material fact, the defendant being entitled to judgment as a matter of law, summary judgment on his motion is granted.