## NEW AMSTERDAM CASUALTY CO. v. CARDILLO, Deputy United States Compensation Commissioner.

### No. 7356.

United States Court of Appeals for the District of Columbia.

Argued Oct. 10, 1939.

Decided Nov. 20, 1939.

Morris Simon, Lawrence Koenigsberger, and Eugene Young, all of Washington, D. C., for appellant.

David A. Pine, U. S. Atty., William S. Tarver, Asst. U. S. Atty., Z. Lewis Dalby, Ward E. Boote, and Sidney Sherman, all of Washington, D. C., for appellee.

Before GRONER, Chief Justice, and MILLER and VINSON, Associate Justices.

### GRONER, C. J.

This case involves construction of two provisions of the Compensation Act.[1] The facts, stated briefly, are these: Richard E. Donaldson, the claimant and an employee of Maxwell Furniture Company, of Washington City, on November 6, 1931, suffered a hernia in the course of his employment. On March 2, 1932, after a hearing before the deputy commissioner, compensation was awarded to claimant for temporary partial disability under Sec. 8(e) of the Act, to continue "until further order of the Deputy Commissioner". Payments continued until

[1] Longshoremen's and Harbor Workers' Compensation Act, c. 509, 44 Stat. 1424, as amended, 33 U.S.C.A. § 901, et seq., made applicable to the District of Columbia by the Act of May 17, 1928, c. 612, 45 Stat. 600, D.C.Code 1929, tit. 19, secs. 11, 12, 33 U.S.C.A. § 901 note.

August 9, 1937. In September following, claimant filed an application, under Sec. 22 (as amended May 26, 1934.[2]) for a modification of the award, to provide compensation for *permanent* partial disability. The section prior to the amendment allowed modification for change in conditions only "during the term of an award".[3] The amendment extended the period to "one year after the date of the last payment of compensation".[4] The carrier did not pay compensation for the full period of five years, the statutory limit for temporary partial disability, but by inadvertence neglected to send the payment for the last 6/7ths of a week, doubtless because it failed to realize that 260 weeks was not quite the equivalent of five years. The deputy held that the term had not run out and that the application filed in September 1937 was, therefore, timely. We prefer not to rest the decision on this point, since it comes too close to the principle of *de minimis*.

In May 1938 the deputy modified the award accordingly. Appellant, insurance carrier, thereupon filed a bill to enjoin the enforcement of the award and to have it vacated and set aside. The District Court dismissed the bill, and this appeal followed.

The first contention is that the 1934 amendment authorizing the deputy commissioner to reopen the case "at any time prior to one year after the date of the last payment of compensation" is not applicable to injuries sustained and awards made prior to the amendment. The argument is that statutes are not to be given a retroactive effect or construed to change the status of claims fixed in accordance with earlier provisions, unless the legislative purpose to do so plainly appears. Miller v. United States, 294 U. S. 435, 55 S. Ct. 440, 79 L.Ed. 977.

[ ] The term of the award extended at least until August 9, 1937. The amendment became effective in May 1934. If effective as of its passage, it authorized the deputy commissioner, upon his own initiative or upon the application of the claimant, to reopen the case and make a new award within the new time limit. The language of the amendment definitely indicates the intention of Congress to make it both retroactive and prospective, for the words are: "The deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case * * * and * * * issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation". We think, in this view, that the passage of the amendment neither creates new, nor destroys old rights. It applies only to the remedy, and from its date it permits the deputy to enlarge or diminish the former award to meet the circumstances of a particular case. We think Congress had the power to extend or to contract the period of limitation as applicable to an indemnity claim either pending or subsequently brought. Luckenbach S. S. Co. v. Norton, 3 Cir., 106 F.2d 137; Independent Pier Co. v. Norton, D. C., 12 F.Supp. 974; cf. Allen v. Mottley Const. Co., 160 Va. 875, 170 S. E. 412. In the instant case, it is true, an award had been made, but the ultimate disposition of the case was still undetermined and subject to change. All that the amendment did was to extend the time for this purpose.

The second contention is that the "change in conditions" contemplated by Sec. 22 of the Act is confined to a change caused by the injury or, stated otherwise,

---

[2] "Upon his own initiative, or upon the application of any party in interest, on the ground of a change in conditions or because of a mistake in a determination of fact by the deputy commissioner, the deputy commissioner may, at any time prior to one year after the date of the last payment of compensation, whether or not a compensation order has been issued, review a compensation case in accordance with the procedure prescribed in respect of claims in section 19, and in accordance with such section issue a new compensation order which may terminate, continue, reinstate, increase, or decrease such compensation. Such new order shall not affect any compensation previously paid, except that an award increasing the compensation rate may be made effective from the date of the injury, and if any part of the compensation due or to become due is unpaid, an award decreasing the compensation rate may be made effective from the date of the injury, and any payment made prior thereto in excess of such decreased rate shall be deducted from any unpaid compensation, in such manner and by such method as may be determined by the deputy commissioner with the approval of the commission." (48 Stat. 807.)

This section was again amended in 1938, 52 Stat. 1167, 33 U.S.C.A. § 922.

[3] 44 Stat. 1437.

[4] 48 Stat. 807.

that the provision does not include the right to make a new award based upon a change in original condition due to causes other than the injury. In the first award the deputy commissioner found that claimant had sustained a left inguinal hernia and that he was justified in refusing to submit to an operation. The deputy did not set out the medical evidence on which he relied, but by reference to the record we find that Doctor White recommended against an operation on the grounds (1) that claimant's blood pressure was below normal; (2) that he had a bronchial cough; (3) that a person of his age has poor musculature and recurrence is likely to follow; and (4) that there was sugar in his urine at the time he examined him. The deputy, however, found that claimant was entitled to medical treatment in accordance with the Act and directed that such treatment be supplied, and at least impliedly decided that, dependent upon the result of such treatment, a subsequent order would be entered as warranted by the facts as they should then appear. The term of the award for temporary partial disability, as we have seen, continued until August 1937. A month later claimant applied for a reconsideration and for a finding of permanent partial disability. At the new hearing the deputy made new findings, showing that, on account of certain supervening diseases, the hernia could not be surgically repaired; that these changes in claimant's physical condition had changed the quality of disability, as the result of which the injury was then permanent; and awarded compensation on that basis.

The carrier insists that the award should be set aside because, as it says, the natural meaning to be given to the expression—change in conditions—refers to a change caused only by the injury. Claimant's position, on the other hand, is that the deterioration in his general health, making surgical treatment impossible, constituted a change within the section.

 It has been held in some state cases that an employee, seeking a modification for change of conditions, cannot obtain compensation for a physical disability which had no causal connection with the injury sustained in the course of employment. Old Dominion Land Co. v. Messick, 149 Va. 330, 141 S.E. 132; Eagle-Picher Lead Co. v. Black, 164 Okl. 67, 22 P.2d 907; see Hartford Hosiery Mills v. Jernigan, 149 Tenn. 241, 259 S.W. 546. But a careful examination of such cases will show that the disability for which additional compensation was sought was entirely separate from the original injury. The present case is different. The hernia which caused disability, at first apparently temporary, is now permanent, and this change is sufficient to support the modification of an award. Luckenbach S. S. Co. v. Norton, supra; Bethlehem Shipbuilding Corp. v. Cardillo, 1 Cir., 102 F.2d 299. Of course, the employer is not responsible for all the ailments which his employee may have, but he is required to provide compensation for disabilities caused by injuries arising out of and in the course of the employment, even though the extent of the disability is partly due to the employee's physical condition. Hoage v. Employers' Liability Assur. Corp., 62 App.D.C. 77, 64 F.2d 715, certiorari denied 290 U.S. 637, 54 S.Ct. 54, 78 L.Ed. 554; New Amsterdam Cas. Co. v. Hoage, 61 App.D.C. 306, 62 F.2d 468, certiorari denied 288 U.S. 608, 53 S.Ct. 400, 77 L. Ed. 982; Commercial Casualty Ins. Co. v. Hoage, 64 App.D.C. 158, 75 F.2d 677. After the original hearing, the deputy adopted the view that the award should be tentative until an operation could be performed, or was finally determined to be unwise. The ultimate question of the extent of disability was reserved. True enough, claimant has the same hernia he had in 1932, and in that respect there has been no change in his condition, but whereas in 1932 there was doubt whether the hernia was permanent, in 1938 that question was set at rest by the finding that claimant's general physical condition had suffered deterioration in the interim and that, if it was dangerous to operate in 1932, it was impossible in 1938 and always would be. There was, therefore, within the meaning of the section, a change in his physical condition in relation to the injury, since the condition, which was temporary at one time, had become permanent. To say that because its permanence was superinduced by other physical causes, there was no change in his condition within the terms of the Act, is to accept a view which we think was not in the contemplation of the lawmakers.

Affirmed.