334

## GREAT ATLANTIC & PACIFIC TEA CO.
### v. CARDILLO et al.
### No. 8011.

United States Court of Appeals for the
District of Columbia.

Argued March 13, 1942.

Decided April 13, 1942.

Mr. Caruthers Ewing, Jr., of Washington, D. C., with whom Messrs. Sumner S. Kittelle and Richard A. Tilden, both of Washington, D. C., also entered appearances, for appellant.

Messrs. James E. McCabe and Ward E. Boote, Asst. Chief Counsel, U. S. Employees Compensation Commission, both of Washington, D. C., with whom Messrs. Edward M. Curran, U. S. Atty., and Bernard J. Long, Asst. U. S. Atty., both of Washington, D. C., were on the brief, for appellees.

Before GRONER, Chief Justice, and VINSON and EDGERTON, Associate Justices.

GRONER, C. J.

This is a case under the Workmen's Compensation Law.[1] Appellant, a self-insurer, filed its bill in the District Court to enjoin the enforcement of the deputy commissioner's award in favor of appellee Braswell. Judge Bailey dismissed the bill, on the ground that there was substantial evidence of injury to support the findings of the deputy.

On this appeal, it is insisted (1) that appellant has paid appellee compensation for a period of five years under the "temporary partial disability" section of the Act (Section 8(e) and is not required to make any further payments; and (2) that there is no substantial evidence that appellee's present condition is due to injury. Appellant insists it is wholly due to old age and arthritis.

---

[1] Act of May 17, 1928, c. 612, 45 Stat. 600, D.C.Code 1940, §§ 36-501, 36-502, 33 U.S.C.A. § 901 note, which made applicable to employees in certain employments in the District of Columbia the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, c. 509, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq.

The case is this: Appellee, on February 15, 1930, while in the employ of appellant as a clerk in one of its Washington City stores, injured his back. Claim was made, and the deputy commissioner found that appellee had sustained "temporary total disability" and awarded compensation at the rate of $11.54 per week, equal to two-thirds of the average weekly wage. Appellant made payments accordingly until January, 1932, when it re-employed appellee at his former wage, with the understanding that he would be required to do no heavy lifting or heavy work which might aggravate the injury. No compensation was paid while appellee was working under this agreement. In November, 1934, appellant requested a hearing for the purpose of obtaining a modification of the 1931 order, on the ground that appellee was no longer totally disabled. Obviously, the purpose of this was to have appellee's injury reclassified from total to partial, the effect of which would limit the period of compensation to five years (Sec. 8(e). No testimony was taken upon this application, but the deputy found—"by stipulation",—"that the claimant is not totally recovered from the injury sustained by him in February, 1930, but that he still suffers from the residual effects of said injury, which are not totally disabling the claimant at this time * * * and that his condition is now one of temporary partial disability".

In the following August, 1935, while appellee was working in the store, his duty required him to lift a filled five-gallon can of kerosene from a hook, in the act of which he sustained another injury to his back which totally disabled him from further work. Appellant thereupon notified the commissioner that it was voluntarily resuming compensation at the rate of $11.-54 per week, the amount previously paid. Compensation on this basis was paid until August, 1940, at which time, five years' payments having been made, appellant refused to continue, on the ground that, under the provisions of the statute relating to *partial* disability, it was discharged from further payments.[2] A hearing followed, and the deputy entered an order in March, 1941, awarding compensation on the ground of total disability resulting from the August, 1935, injury.

Enough has been said to show that the effort of appellant to escape further payments is based on the 1934 modification of the order passed on the original injury in 1930. But in our view, neither the original compensation order nor the order modifying that order need be considered in deciding the present question. What we are here concerned with is the injury which occurred August 13, 1935, and the award made upon that injury. As we have seen, appellant, after that occurrence, gave notice to the deputy that it was voluntarily paying the amount of compensation which would have been payable under an order of total disability, and that this arrangement would continue until a finding by the deputy that payment should be stopped or suspended. Based on this assurance, neither the deputy nor appellee requested a hearing, and none was had until March 11, 1941, at which time the order appealed from was entered. We think the only question for decision now is whether the evidence sustains the deputy's finding and award in that proceeding.

At the hearing, appellee and two physicians testified, one of the latter for appellant, the other for appellee. Appellee's testimony is that when he was first employed (1930) he was in good physical condition and could handle anything from a two-pound box of cocoa to a 250-pound bag of potatoes; that when he returned to his employment in 1932 he did only light work; and that in August, 1935, while still employed, he lifted a heavy kerosene container and injured his back again, so that he was unable to work; that at the request of appellant he underwent a physical examination at the hands of Dr. Edmonson, following which appellant notified him that it would make payment of compensation at $11.54 per week without waiting for an award; and that payments were accordingly made until August 31, 1940, when they stopped.

Dr. Gantz testified that in his opinion appellee at the time of his original injury had a pre-existing spinal arthritis; that this was aggravated by his first injury; and

---

[2] Sec. 8(e). "Temporary partial disability: In case of temporary partial disability resulting in decrease of earning capacity the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the injury and his wage-earning capacity after the injury in the same or another employment, to be paid during the continuance of such disability, but shall not be paid for a period exceeding five years."

that after his recent, or 1935, injury he became totally disabled from carrying out any type of gainful occupation; and that at the time he was totally and permanently disabled.

Under the rule which obtains in cases of this character, this is sufficient evidence of injury to sustain the deputy's award. Here the employer accepted the employee, as the Ninth Circuit Court of Appeals said, subject to physical infirmities and anomalies.[3] Whatever may have been the original condition of the employee, there can be no doubt that the first injury aggravated that condition to the point of some disability, and there is sufficient evidence that the second injury in the same employment created total disability. We have said more than once that the fact that an employee is diseased, does not bar his right to recover for an accidental injury, even though it be conceded that the injury would not have occurred save for the diseased condition. Hoage v. Employers' Liability Assur. Corporation, 62 App.D.C. 77, 79, 64 F.2d 715, 717. Judged, therefore, by itself, the second or 1935 injury justified the deputy's conclusion that a total disability had resulted, for which compensation was payable.

The same result would be reached if this case be considered under the award made for the original (1930) injury. As to that, the deputy originally made a finding of temporary total disability. If we consider that the award was suspended during the re-employment of appellee, and that in that period his condition had improved so that it should be characterized as partial disability, that classification does not prejudice appellee's present rights, for the fact is that compensation was paid after the second injury until the first of September, 1940, and within less than one year of the present claim. In such circumstances, the deputy had authority under the provisions of Section 22 of the compensation law to review the former orders in the proceeding and to award compensation for total disability upon finding that there had been a change from partial to total disability. The order complained of may be sustained on that ground. Moreover, in addition to the provisions of Section 22 of the statute, the stipulated intermediate order was made subject to the right of the deputy to review the case at any time a change of condition

might occur. And what has happened here is no more than that. If appellee's condition prior to his last injury was only partial disability, his condition now is undoubtedly total disability, and there is evidence to sustain a finding that his disability is due to conditions attributable to the original injury. What was partial has now become total. See New Amsterdam Casualty Co. v. Cardillo, 71 App.D.C. 172, 108 F.2d 492.

On both grounds discussed, we think the deputy's award can be and should be approved, and the disposition of the case by the District Court affirmed.

Affirmed.

---

[3] Pacific Employers' Ins. Co. v. Pillsbury, 61 F.2d 101.