## HILLCONE S. S. CO. et al. v. STEFFEN.

### No. 10361.

Circuit Court of Appeals, Ninth Circuit.

July 9, 1943.

966

S. S. Tipton and A. G. Ritter, both of Los Angeles, Cal., for appellants.

Fontana & Goldstone, of Los Angeles, Cal., and Wm. P. Lord, of Portland, Or., for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

During the month of February 1937, and for about two years prior thereto, appellee Steffen was in the employ of appellant Santa Cruz Oil Company in the capacity of watchman or caretaker on board the steamship Prentiss, which lay in navigable waters at Long Beach, California, tied to a dock. During the period stated the vessel did not go to sea or engage in commerce or navigation and there was no crew on board her. She was "indefinitely laid up." The vessel had been purchased by the Oil Company with the intention of reconditioning and remodeling her for service in connection with certain fish reduction plants operating off the Farallone Islands. Eventually she was sold without having been put into the service intended; but in February 1937 the original intention of the Oil Company apparently still persisted, that is to say, the notion of selling the ship appears to have evolved at a later time.

In the month mentioned, as he was leaving the Prentiss in the course of his work, Steffen sustained injuries to his back because of the slipping of a ladder extending from a pontoon to the ship. He regularly made claim for compensation against the Oil Company and its insurance carrier under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. Upon the basis of the facts hitherto recited, the Deputy Commissioner ordered that the claim be rejected for the reason that claimants' service at the time of his alleged injury was not maritime in character.

Steffen then instituted proceedings for review in the district court under § 21 of the Act, 33 U.S.C.A. § 921, asserting that the compensation order was not in accordance with law. As appears from the decree later entered by the court, the parties stipulated that the liability of the employer was to be determined on the issue whether the "employment of the libelant, at the time he admittedly was injured, was maritime in character." The court determined that Steffen is entitled to relief under the Act, and it ordered that the cause be remanded to the Deputy Commissioner "for the sole purpose of fixing the compensation due to libelant." From this de-

cree the Oil Company and its carrier appeal.

■ As defined in the Act, the term "employee" does not include a master or member of a crew of any vessel, or any governmental employee, or any person engaged in work on a vessel under eighteen tons, but, with those exceptions, it does include all persons who are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any dry dock), [§ 3]. Compensation is payable only if the disability results from an injury occurring upon navigable waters and if recovery for the disability may not validly be provided by state workman's compensation laws. The Act was "intended to leave entitled to compensation all those various sorts of longshoremen and harbor workers who were performing labor on a vessel and to whom state compensation statutes were inapplicable." South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 257, 60 S.Ct. 544, 548, 84 L.Ed. 732. The persons covered are those whose services aboard the vessel are "of the sort performed by longshoremen and harbor workers and thus distinguished from those employees on the vessel who are naturally and primarily on board to aid in her navigation." Id. 309 U.S. at page 260, 60 S.Ct. at page 549, 84 L.Ed. 732. This court has said that the Act was intended to except from the operation thereof only those employees ordinarily considered as seafaring men.[1]

Steffen's employment did not fall within any of the limited exceptions embodied in § 3 of the Act. Cf. Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 134, 50 S.Ct. 30, 74 L.Ed. 602. It is not possible to determine from the findings on what the Deputy Commissioner based his conclusion, whether he believed a caretaker on board ship is not engaged in maritime work or whether he thought the ship itself was not a subject of admiralty jurisdiction. In either event we are satisfied he was wrong. This court and other circuit courts of appeals have regarded the services of a watchman as being related to navigation, hence as falling within the terms of the Act.[2]

■ Appellee's services were no less maritime in character because performed on a vessel that was out of commission for an indefinite period of time. We may assume the non-maritime character of work on board a hulk permanently laid up and intended to be scrapped, or which has been put to some purely non-navigational use. But the Prentiss was intended to be reconditioned and put back into service on the high seas. She was a ship in every sense of the term, hence was clearly a subject of admiralty jurisdiction.[3] If it be assumed that the case lies in that "shadowy area within which, at some undefined and undefinable point, state laws can validly provide compensation," Davis v. Department of Labor, 317 U.S. 249, 253, 63 S.Ct. 225, 227, 87 L.Ed. ——, nevertheless the Deputy Commissioner should have accepted jurisdiction.

Appellants rely on authorities like Grant Smith-Porter Co. v. Rohde, 257 U.S. 469, 42 S.Ct. 157, 158, 66 L.Ed. 321, 25 A.L.R. 1008 announcing the doctrine that "in contract matters admiralty jurisdiction depends upon the nature of the transaction and in tort matters upon the locality." These decisions are inapposite. As already stated, we think appellee's employment was of a maritime nature.

■ The decree below did not in terms set aside the compensation order, but we treat it in substance as being in conformity with the statute. We think, however, that the cause should have been remanded to the Deputy Commissioner for the purpose of determining all questions save that of jurisdiction. The administrative officer made no finding except that relating to jurisdiction.

As so modified the decree is affirmed.

[1] Moore Dry Dock Co. v. Pillsbury, 9 Cir., 100 F.2d 245, 246.

[2] Union Oil Co. v. Pillsbury, 9 Cir., 63 F.2d 925; Seneca Washed Gravel Corp. v. McManigal, 2 Cir., 65 F.2d 779; Lowe v. Central R. Co. of N. J., 3 Cir., 113 F.2d 413, 415. Cf. John Baizley Iron Works v. Span, 281 U.S. 222, 50 S.Ct. 306, 74 L.Ed. 819.

[3] Tucker v. Alexandroff, 183 U.S. 424, 438, 22 S.Ct. 195, 46 L.Ed. 264; Hoof v. Pacific American Fisheries, 9 Cir., 279 F. 367, 371.