**HILLCONE S. S. CO. et al. v. PILLSBURY,
Deputy Com'r of U. S. Employees' Com-
pensation Commission et al.**

No. 3423–M.

District Court, S. D. California,
Central Division.
April 25, 1944.

Syril S. Tipton, of Los Angeles, Cal.,
for complainants.

Charles H. Carr, U. S. Atty., and Clyde
C. Downing, Asst. U. S. Atty., both of
Los Angeles, Cal, for respondent Pillsbury.

A. A. Goldstone, of Los Angeles, Cal., and Wm. P. Lord, of Portland, Or., for respondent Steffen.

McCORMICK, District Judge.

This is a proceeding on the admiralty side of the court where an injunction is sought to annul a compensation order and an award of compensation to Albert V. Steffen made by the Deputy Commissioner of the United States Employees' Compensation Commission after appropriate proceedings pursuant to Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, as amended, 33 U.S.C.A. § 901 et seq.

Another phase of the subject matter involved in the proceeding has been before both the district court in No. 1790–H of the files of this court, and the Circuit Court of Appeals in Hillcone S. S. Co. v. Steffen, 9 Cir., 136 F.2d 965, 967.

From any factual point of view the decision of the Deputy Commissioner is unassailable. South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 257, 60 S.Ct. 544, 84 L.Ed. 732; Crowell v. Benson, 285 U.S. 22, 52 S.Ct. 285, 76 L.Ed. 598. A stipulation made in open court at the hearing of this proceeding which conclusively concedes an erroneous mathematical computation in the award obviates the necessity of remanding the matter to the Deputy Commissioner for correction.

There therefore remain but two questions of law for decision: (1) Did the Deputy Commissioner err as a matter of law in failing to find that the claim in controversy was barred by Section 13(a) of the Act, Title 33 U.S.C.A. § 913(a)? And (2) did the Deputy Commissioner err as a matter of law in applying the provisions of Section 30(f) of the Act to the claim, Title 33 U.S.C.A. § 930(f)?

We think that both questions should be answered in the negative and that both rulings of the Deputy Commissioner are in accordance with law and that neither ruling should be disturbed by the court in this proceeding.

The Longshoremen's and Harbor Workers' Compensation Act should be liberally construed in favor of the employee, Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366, and every provision of the Act must be given effect, to consistently attain the particular purpose of this remedial legislation.

The general scheme and aim of this Act in the language of the Supreme Court in South Chicago Coal & Dock Co. v. Bassett, supra, was to provide compensation to employees engaged in maritime employment for disability resulting from injury occurring upon the navigable waters of the United States, where recovery through Workmen's Compensation proceedings might not validly be provided by State law. There can be no question as to the applicability of the Act in this proceeding. Hillcone S. S. Co. v. Steffen, supra.

Undoubtedly, under controlling authority, if the right of the claimant to compensation is to be determined solely by Section 13(a) of the Act, the award obviously is not in accordance with law. See Kobilkin v. Pillsbury et al., 9 Cir., 103 F.2d 667, affirmed by an equally divided court, 309 U.S. 619, 60 S.Ct 465, 84 L.Ed. 983. We think, however, that the correlative and cooperative provisions of Section 30(f) of the Act should be applied, under the record in this proceeding, to secure to the claimant the benefits of the remedial legislation which was designed and intended by Congress for a category of workers in which Steffen has been classified.

Our Circuit Court of Appeals has, we think, in effect, stated in Marshall, Deputy Commissioner, et al. v. Pletz, 127 F.2d 104, 1942 A.M.C. 627, at pages 631, 632, that the time limit prescribed by section 13(a) does not commence to run until the right to further payment of compensation is controverted.

Claimant's compensable disability has been conclusively found to have commenced August 5, 1938, although the accident which caused the compensable result occurred much earlier, but the basis for a claim under the Act is the existence of disability for work resulting in a loss of wages, and it is indisputably shown that the claimant, notwithstanding the earlier accident and injury, continued in his employment and was paid his usual wages to and including August 4, 1938. Therefore August 5, 1938, is the date for the commencement of the one-year period for the filing of a claim under section 13(a) considered to the exclusion of other provisions of the Act. The substantive right of the claimant to statutory compensation under

918

the Act had upon that date reached the point requiring procedural action to enforce the right by the application of all statutory methods. Section 30(f) of the Act, which was added to the Act by an amendment of June 25, 1938, provides that where the employer has knowledge of an injury of an employee and fails, neglects or refuses to file a report thereof in the manner and as required by subdivision (a) of Section 30 of the Act, the limitations of Section 13 (a) should not begin to run against the claim of the injured employee or in favor of either the employer or carrier until such employer's report shall have been filed with the Commission.

The record here shows and the Deputy Commissioner has found that the employer had actual knowledge of the injury to the claimant on the day of the accident and on various occasions thereafter but that the employer at no time made any report thereof to the Commission or to the Deputy Commissioner.

■ It is thus clear, we think, that the claim here in issue, which was filed January 25, 1941, is not under the facts and circumstances shown by the record before this court, to be barred from consideration.

We do not think that Section 30(f) of the Act can be disregarded in ascertaining whether the substantive right of Steffen to compensation had lapsed, regardless of whether his statutory right accrued on the day of the accident or upon the stoppage of his wages by reason of the disability caused by the accident but commencing subsequently. Di Giorgio Fruit Corporation et al. v. Norton, Deputy Commissioner, et al., 3 Cir., 93 F.2d 119; Potomac Electric Power Co. v. Cardillo, Deputy Commissioner, 71 App.D.C. 163, 107 F.2d 962.

The change wrought by Section 30(f) operates under the record in no manner to affect vested or substantive rights or to impair the obligation of contract. The relationship between the employer, carrier and Steffen that is here involved is purely statutory and a mere change of procedure or substitution of remedies may operate retrospectively without running counter to any established principle of construction. Cf. Paramino Lumber Co. et al. v. Marshall, Deputy Commissioner, et al., 309 U.S. 370, 60 S.Ct. 600, 84 L.Ed. 814; New Amsterdam Casualty Co. v. Cardillo, Deputy Commissioner, 71 App.D.C. 172, 108 F.2d 492.

The right to invoke a bar against the claim for compensation because of lapse of time still remained in complainants, but the Congress by the amendment of June 25, 1938, imposed merely an additional procedural requirement upon them after they had notice or knowledge of the compensable incident. There is nothing in the legislation under consideration which limited the right of the Legislature to enlarge procedural or remedial provisions so as to meet changing needs to better effectuate the purpose and aim of the Act. We think that by reason of complainants' failure to comply with all requirements of the Act they have not been prejudiced by the delay in the filing of the claim in controversy in this proceeding.

Findings of fact, conclusions of law and judgment ordered for respondents, vacating order for interlocutory injunction entered February 2, 1944, and upon the issues of complaint and answers pursuant to stipulation as to error of computation of award with costs.

Respondents' attorneys will prepare, serve and present such findings of fact, conclusions of law and judgment within five days from notice of this memorandum of decision under Rule 7 of this court.