**UNION OIL CO. et al. v. PILLSBURY et al.***

No. 6992.

Circuit Court of Appeals, Ninth Circuit.
March 7, 1933.

*Rehearing denied May 3, 1933.

F. Britton McConnell, of Los Angeles, Cal., for appellants.

Samuel W. McNabb, U. S. Atty., and Dorothy Lenroot Bromberg, Asst. U. S. Atty., both of Los Angeles, Cal., for appellees.

Before WILBUR, SAWTELLE, and MACK, Circuit Judges.

MACK, Circuit Judge.

Appeal from a decree dismissing a bill to annul and enjoin enforcement of an award to Preller under the Longshoremen's and Harbor Workers' Compensation Act, 44 Stat. 1424, c. 509 (33 USCA §§ 901–950).

On the Montebello's arrival in port from a voyage during which Preller was employed as third officer, he was paid off. Thereafter he was re-engaged, not as an officer or sailor, but as a night watchman on the vessel and only while she was undergoing overhauling which ordinarily lasted but a few days. His duties consisted in patrolling and guarding the ship and in seeing to it that she rested on the keel blocks. While engaged in his work on the vessel which lay in a floating dry dock in navigable waters, he was shot by one who was committing burglary on the ship.

■ 1. Appellants' contention that Preller when injured was a member of the crew and as such within the exception of subdivision (1) of section 3 of the act, 44 Stat. 1426, 33 USCA § 903 (1), is without merit. Even though he was permitted to occupy the quarters which he had used while he was an officer, his employment as such had ended. When the accident occurred he was a watchman employed temporarily and only for the usual period of overhauling; in that capacity he was not a member of the vessel's crew.

■ 2. Appellants further urge that Preller was not within the "coverage" of the act which limits this right to cases in which a recovery "through workmen's compensation proceedings may not validly be provided by State law." See 44 Stat. 1426, 33 USCA § 903. The courts have experienced difficulty in drawing the line. While it is said in Sultan Ry. Co. v. Dept. of Labor (1928) 277 U. S. 135, 48 S. Ct. 505, 506, 72 L. Ed. 820, that state compensation acts may validly apply when "the employment, though maritime in character, pertains to local matters, having only an incidental relation to navigation and commerce," it is not always clear whether or not maritime employment pertains primarily to local matters. Cf. Morrison, Workmen's Compensation and The Maritime Law (1929), 38 Yale L. J. 473, 497, 499.

A consideration and comparison of the several decisions of the Supreme Court lead to the conclusion that while the watchman's employment was local and incidental to "navigation and commerce" in Sunny Point Packing Co. v. Faigh (C. C. A.) 63 F.(2d) 921 (decided this day), it is not of that character in the instant case. There, "navigation and commerce" was not involved; the fishtrap though in navigable waters was anchored and was fastened by a long cable to the shore. That was a definite, more or less permanent location. Here we are dealing with a vessel in port undergoing her usual overhauling in order that she may resume her navigation. The services of a watchman on a vessel during such overhauling cannot, in our judgment, be distinguished from the services considered in Baizley Iron Works v. Span (1930) 281 U. S. 222, 50 S. Ct. 306, 74 L. Ed. 819, Employers' Liability Assurance Corp. v. Cook (1930) 281 U. S. 233, 50 S. Ct. 308, 74 L. Ed. 823, and Great Lakes Dredge & Dock Co. v. Kierejewski (1923) 261 U. S. 479, 43 S. Ct. 418, 67 L. Ed. 756, as corrected by 266 U. S. II. In those cases it was held that state compensation acts could not apply.

Hoof v. Pacific American Fisheries (C. C. A. 1922) 279 F. 367, relied upon by appellants, merely recognized the conflict in cases on the question whether or not the services of a watchman on a domestic vessel at her wharf would support a maritime lien. Without deciding that question, we there held that admiralty had jurisdiction when a tort resulted in personal injury to the watchman. That there is admiralty jurisdiction in tort does not necessarily preclude state compensation proceedings if the facts present a "local" matter. See Alaska Packers' Ass'n v. Industrial Accident Comm., 276 U. S. 467, 469, 48 S. Ct. 346, 72 L. Ed. 656 (1928); Grant Smith-Porter

Co. v. Rohde (1922) 257 U. S. 469, 477, 478, 42 S. Ct. 157, 66 L. Ed. 321, 25 A. L. R. 1008. Under the Supreme Court decisions, however, the instant case does not present such a situation.

Decree affirmed.