### SENECA WASHED GRAVEL CORPORATION et al. v. McMANIGAL et al.

#### No. 451.

Circuit Court of Appeals, Second Circuit.
June 17, 1933.

Ulysses S. Thomas, of Buffalo, N. Y., for appellants.

Richard H. Templeton, U. S. Atty., of Buffalo, N. Y. (Justin C. Morgan, Asst. U. S. Atty., of Buffalo, N. Y., of counsel), for appellees.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

This appeal seeks a review of an order denying the appellant's petition for a mandatory injunction directing the deputy commissioner of the United States Employees' Compensation Commission to deny and dismiss a claim for compensation filed by the widow and child of Lorenzo Beach, who met an accidental death by falling overboard from the steamer Viking and drowning on May 5, 1930, while employed as a watchman. The vessel was owned by the appellant Seneca Washed Gravel Corporation, and the appellant American Mutual Liability Insurance Company was the insurance carrier.

The claim for compensation was laid under the Longshoremen's and Harbor Workers' Compensation Act (33 USCA §§ 901–950), and was heard before the deputy commissioner. The claim was held in abeyance until a final decision in a cause in admiralty in the District Court below was reached. The libel was there brought under the Merchant Marine Act 1920 (Jones Act), § 33 (46 USCA § 688), for the wrongful causing of the death of Beach. It was dismissed after trial, because the court found he was not a member of the crew and that a libel could not be grounded on the Jones Act. Thereupon the claim for compensation was tried and an award made against the employer and the insurance carrier, the appellants. Appellants then filed this petition for a mandatory injunction asking that the deputy commissioner deny and dismiss the claim as not properly arising under the Longshoremen's and Harbor Workers' Compensation Act (section 21 of the act, section 921, title 33 USCA). Answer was filed, and after a trial the petition was denied.

The Longshoremen's and Harbor Workers' Compensation Act § 3 provides in part: "No compensation shall be payable in respect of the disability or death of—(1) A master or member of a crew of any vessel, * * *" 44 Stat. 1426 (33 USCA § 903). The Merchant Marine Act 1920, § 33, provides that "any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply; and in case of the death of any seaman as a result of any such personal injury the personal representative of such seaman may maintain an action for damages at law. * * *" 38 Stat. 1185, as amended by 41 Stat. 1007 (46 USCA § 688).

The vessel, The Viking, was in winter quarters, withdrawn from navigation, and Beach's duties did not require him to take any part in the navigation of the ship. He was "the night watchman the year round," and he never was on the steamer when she was under way and he lived on shore. He was paid as an employee of the Seneca Company, not as a member of the crew. Appellants made no effort to show by the certificate of inspection, issued by the United States Steamboat Inspectors, that the night watchman was at any time mentioned as a part of the ship's complement, nor was it shown by the articles that he was a member of the crew. While he attended the fires, he clearly was not employed as, nor was he, a member of the crew and he did nothing that assisted in any way the navigation of the ship. The ship was not placed in the service of navigation until two weeks later. Thus, considering the capacity in which the deceased was employed, his employment was not for navigation purposes. The word "crew" is used in the statute to connote a company of seamen belonging to the vessel, usually including the officers. It is the "ship's company." U. S. v. Winn, 28 Fed. Cas. 733, No. 16,740. The crew is usually referred to and is naturally and primarily thought of as those who are on board and aiding in the navigation without reference to the nature of the arrangement under which they are on board. The Bound Brook (D. C.) 146 F. 160, 164; The Buena Ventura (D. C.) 243 F. 797, 799.

The duties fulfilled by Beach on board The Viking required no knowledge of shipping or navigation and could have been performed by any one who had not been so instructed. As a night watchman he was not a member of the crew. Union Oil Co. v. Pillsbury, 63 F.(2d) 925 (C. C. A. 9).

This status therefore did not accord to him the benefits of the Merchant Marine Act 1920, and he was entitled to compensation under the Longshoremen's and Harbor Workers' Compensation Act. It follows that the mandatory injunction was properly refused.

Decree affirmed.