**WHEELER SHIPYARD, Inc., et al. v. LOWE, Deputy Com'r.**

No. E–7405.

District Court, E. D. New York.

Dec. 6, 1934.

MacIntyre, McNally & Downey, of New York City (Warren C. Tucker, of Utica, N. Y., and Francis J. MacIntyre, of New York City, of counsel), for complainants.

Leo J. Hickey, U. S. Atty., of Brooklyn, N. Y., and Vine H. Smith, Asst. U. S. Atty., of New York City, for respondent.

CAMPBELL, District Judge.

This is a motion for an interlocutory injunction staying the payment to Anna Murphy, widow of Thomas Murphy, deceased, of the amounts required to be paid to her by the award of Samuel S. Lowe, as Deputy Commissioner of the United States Employees' Compensation Commission, Second Compensation District, dated October 3, 1934, pending the final ·decision and determination of this proceeding.

On October 20, 1934, the bill of complaint herein was filed in the office of the clerk of this court to review the compensation order of the Hon. Samuel S. Lowe, as Deputy Commissioner of the United States Employees' Compensation Commission, Second Compensation District, dated October 3, 1934, and upon such review to suspend and set aside the order through injunction proceedings, as provided by Public Act No. 803 of the Sixty-Ninth Congress of the United States of America, entitled Longshoremen's and Harbor Workers' Compensation Act (Act of March 4, 1927, c. 509, 44 Stat. 1424; U. S. Code, title 33, §§ 901–950, and the acts amendatory thereof [33 USCA § 901 et seq.]).

The facts briefly are as follows:

Thomas Murphy, the deceased, was employed as a painter by the plaintiff Wheeler Shipyard, Inc., and performed other duty at times, such as driving a truck and going out on a boat of his employer once in a while. On one occasion he went to Syracuse on a 62-foot boat of his employer, but not as master.

On the day in question the decedent went alone on a boat to Rockaway, to deliver her to a purchaser, for his employer, and after delivering the boat he met there, according to instructions from his employer, another. employee of the same employer, and proceeded with him to Long Beach, where the 31-foot sea skiff Sound Wave, of 80 horse power, and two screws, of which one Harmitz was acting as captain and the deceased was giving him a hand, as two men were necessary to operate the boat, in picking up alongside the Carol a 26-foot yacht tender, and on a line astern a 16-foot open runabout type motorboat.

These boats, on the order of Capt. Harmitz, were made fast by Murphy, the deceased, and the Sound Wave with the boats in tow started for Wheeler Shipyard.

About 9 o'clock p. m., when approaching the jetty off Rockaway Point, the wind suddenly became very strong and shifted its di-

rection, and Capt. Harmitz put the boat off shore and outside of Red Blinker buoy, off the end of the jetty. Capt. Harmitz threw the Sound Wave out of gear, left the engine running, told Murphy to take the wheel, went forward to try and make fast the bow lines of the Carol, and pitched overboard. Capt. Harmitz pulled himself aboard the Carol, which he afterwards found was made fast to the Sound Wave by a stern line. He called to Murphy and received no reply but believed he was in the cabin of the Sound Wave.

About three-quarters of an hour afterwards the storm lessened, and Capt. Harmitz boarded the Storm Wave, from the Carol, but was unable to find Murphy.

It was later found that Murphy had fallen or been washed overboard and had been drowned.

Section 3, par. (a), subd. 1, of the Longshoremen's and Harbor Workers' Compensation Act, supra, 33 USCA § 903 (a) (1), in so far as it is necessary for consideration on this motion, provides:

"No compensation shall be payable in respect of the disability or death of—

"(1) A master or member of a crew of any vessel, nor any person engaged by the master to load or unload or repair any small vessel under eighteen tons net."

The principal question presented in this suit is whether the deceased was a member of the crew of a vessel at the time when he went overboard?

The only cases cited are: De Wald v. Baltimore & O. R. Co. (C. C. A.) 71 F.(2d) 810; Continental Casualty Co. v. Lawson (C. C. A.) 64 F.(2d) 802, 803, 804; Seneca Washed Gravel Corporation v. McManigal (C. C. A.) 65 F.(2d) 779; Union Oil Co. v. Pillsbury (C. C. A.) 63 F.(2d) 925; The Buena Ventura (D. C.) 243 F. 797; The Herdis (D. C.) 22 F.(2d) 304; United States v. Winn, Fed. Cas. No. 16,740.

An examination of these cases leads me to the conclusion that the plaintiffs have more than a reasonable chance of success, and that under the circumstances irreparable damage would be caused them if they were compelled to pay the award in advance of the trial, and the order should be vacated, and the employer would not be able to recover the amount paid.

The motion is granted to the extent that the injunction shall be pending the final decision and determination of this proceeding in this court. Settle order on notice.