## HAWN v. AMERICAN S. S. CO.

District Court, W. D. New York.

April 10, 1939.

John E. Drury, Jr., of Buffalo, N. Y., for plaintiff.

Laurence E. Coffey, of Buffalo, N. Y., for defendant.

BURKE, District Judge.

This action is brought under the Jones Act, 46 U.S.C.A. § 688. Plaintiff is a seaman by occupation and when employed in his occupation usually works as a wheelsman. In November 1938, he with several other seamen was employed by the defendant to aid in shifting the vessel "Adam E. Cornelius, Jr." back and forth along the dock where she was taking on a cargo of soy beans from a grain elevator for winter storage. The vessel was in ordinary. She had been laid up the entire season of 1938. A ship keeper who held a mate's license had been hired to look after her during her idle period and did so from April 1938 until February 1939. On May 23, 1938 the vessel was towed light to the break wall in the Buffalo harbor. She remained there idle for four months when she had to be moved because of dredging operations in the harbor. She was then towed to a ship yard. From there she was towed to the elevator dock in the latter part of October. Her boilers and engines were not in commission. These injuries occurred at the elevator dock. The cargo of soy beans was not being loaded for transportation but for winter storage. Part of the cargo has already been discharged at the same elevator dock where it was loaded.

The operation of towing the vessel from the ship yard to the elevator dock was in charge of a master, but previous to taking charge he had not been sworn in as a master at the United States Customs Office, according to the practice at the commencement of a trip. Besides the captain in charge six seamen were employed to handle the lines and to do the necessary work in connection with towing the vessel. They were hired and paid on an hourly basis. Plaintiff was hired toward the end of the loading operation. He also was hired and paid on an hourly basis. He signed no ships articles. When he came to work the vessel was tied up at the elevator dock. The ship keeper was in charge of operations. Plaintiff's work was taking off the hatch covers prior to loading and attending to the lines and winches as the boat was shifted back and forth along the dock in lining up the hatches with the loading spouts. He worked two days and was paid off. He left the vessel without any arrangement for rehiring but was called back for work on November 15th. On that day he was engaged in taking in the slack cable on one of the winches when his fingers were caught in the cogs. None of the seamen ate or slept aboard the boat during any of these operations. The complement of the vessel when she was being navigated was thirty men. When plaintiff was injured six seamen were employed under the direction of the ship keeper.

At the conclusion of the evidence defendant moved for the direction of a verdict in its favor upon the ground that plaintiff was not a member of a crew of a vessel at the time of his injury and that his exclusive remedy was under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. Chapter 18, § 901 et seq. The court indicated that it would grant the motion but requested that the plaintiff also move for a directed verdict.

The exception to the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 903) is stated as follows: "No compensation shall be payable in respect of the disability or death of—(1) A master or member of a crew of any vessel * * *." If the plaintiff does not fall within the exception, his exclusive remedy is under the Compensation Act (33 U.S.C.A. § 905).

Upon the evidence I conclude that the plaintiff was not a "member of a crew of any vessel" when he was injured. The vessel was not engaged in navigation. The cargo was being taken aboard for storage. It was not in preparation for a voyage, nor in anticipation of one. The vessel had no crew in the sense that the word is used in the statute. Seneca Washed Gravel Corp. v. McManigal, 2 Cir., 65 F.2d 779; De Wald v. Baltimore & Ohio Railroad Co., 4 Cir., 71 F.2d 810; Diomede v. Lowe, 2 Cir., 87 F.2d 296; Taylor v. McManigal,

6 Cir., 89 F.2d 583. She had been effectively withdrawn from navigation and so remained at the time of the accident which gave rise to the injuries complained of.

Defendant's motion for the direction of a verdict should be granted and the complaint dismissed. Submit order.