it made its disclaimer was the filing of a notice of appearance when it received the summons and before it had received the complaint, pursuant to the New York practice by which the summons may be served without a complaint. Plaintiff did not then know any of the details of the accident. Mere notice of appearance was hardly a definite showing of election to defend. Further, it could in no way prejudice the position of the insured.

Cases such as 269 Canal St. Corp. **v.** Zurich General Accident & Liability Ins. Co., Ltd., 226 App.Div. 516, 235 N.Y.S. 63, affirmed 252 N.Y. 603, 170 N.E. 159, and Miller v. Union Indemnity Co., 209 App. Div. 455, 204 N.Y.S. 730, are those where the insurer voluntarily took extensive steps in the defense of the action and only thereafter made delayed attempts to disclaim liability. Here the disclaimer was made about as promptly as in all fairness to insured as well as insurer it could properly be required. And there seems to be nothing in plaintiff's letter of June 26, 1940, to the insured, suggesting additional counsel, which should destroy the effect of the previous disclaimer.

Plaintiff is therefore entitled to the declaration for which it prays, although no other affirmative relief is required under the circumstances. Maryland Casualty Co. v. Pacific Coal & Oil Co., supra.

The parties may submit drafts of a proposed judgment within five days.

Paul C. Matthews, of New York City, for plaintiff.

W. Dale Williams, of New York City (Thomas H. Walker, of New York City, of counsel), for defendant.

CONGER, District Judge.

Motion granted and complaint dismissed on authority of Kraft v. A. H. Bull S. S. Co., D. C., 28 F.Supp. 437. The within case differs from Hunt v. United States, D.C., 17 F.Supp. 578, affirmed, 2 Cir., 91 F.2d 1014, certiorari denied 302 U.S. 752, 58 S.Ct. 271, 82 L.Ed. 581, in that the seaman in the Hunt case was hired as a member of the crew, paid weekly on a monthly basis, slept and ate on the vessel and was subject to discipline of the master and chief officer. In the within case the seaman was discharged as a member of the crew and was hired as a member of a "shore gang" to effect repairs and was not under the direction of the master or any ship officer. The test is whether the seaman is a member of the crew. I think not in the instant case.

Settle order on notice.

## MAMAT v. UNITED FRUIT CO.

District Court, S. D. New York.

Dec. 23, 1940.

## JOHNSON v. UNITED STATES.

### No. 44925.

Court of Claims.

June 2, 1941.