**REYES v. A. H. BULL S. S. CO.**

United States District Court
S. D. New York.
April 7, 1948.

Jacob Rassner, of New York City (Robert Klonsky, of New York City, of counsel), for plaintiff.

Kirlin, Campbell, Hickox & Keating, of New York City (James B. Magnor, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

This action was brought on the assumption that "the plaintiff, Juan Reyes, was in the employ of the defendant, A. H. Bull Steamship Co., in the capacity of seaman". Two claims are alleged in the complaint; (1) under the Jones Act, 46 U.S.C.A. § 688, for damages resulting from injuries plaintiff sustained while working on the vessel S. S. Hampden Sydney Victor, and (2) for maintenance and cure. The defendant denies that it employed plaintiff in any capacity and contends that he was employed by A. H. Bull & Co., Inc. (not the defendant) in a maintenance gang as a shore worker, and that he is covered by the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. Ch. 18, § 901 et seq. Reyes was working with other members of the gang aboard the vessel on January 5, 1946, when a fellow member of the gang (Alcantara) who was trying to knock out some wedges in the collar of a boom with a hammer, let the hammer slip from his

hand so that it struck and injured the plaintiff. The depositions of the plaintiff and of Alcantara have been taken.

The answer of the defendant sets forth three separate defenses—(1) contributory negligence, (2) assumption of risk, and (3) that plaintiff's sole remedy is under the Longshoremen's and Harbor Workers' Compensation Act.

Plaintiff moved on February 25th to strike out the Second and Third special defenses. On March 26th defendant made a cross motion for a summary judgment under Rule 56(b), F.R.C.P., 28 U.S.C.A., submitting in support of the motion an affidavit of its attorney which summarized the depositions of Reyes and Alcantara, and also the stenographic record of the depositions themselves. I am satisfied from the depositions submitted that plaintiff was not a member of the ship's crew. Although he was doing work that a seaman might be required to do and held a certificate as an able seaman, he was not hired or employed in the capacity of a seaman. Reyes got his job on Pier 22, Brooklyn. From there he was sent to the ship. He was not sent to the ship by the Union. He was hired as longshoremen are hired, when they gather at a pier and "shape up" for a job.

He signed no ship's articles and was not directed in his work by any of the ship's officers. He and other members of his gang worked under a foreman or boss, a man named Garcia. The gang went to work at 8 A.M. and quit at 5 P.M. with an hour for lunch. Reyes was paid 90¢ an hour with extra money for overtime. He lived ashore, slept ashore, and got all his meals ashore except lunch.

The vessel was a troopship. The maintenance gang were getting it in shape to sail; cleaning the ship and doing odd jobs, including lowering the booms and closing the hatches. Reyes was standing on the deck between the third and fourth hatches when Alcantara dropped the hammer from a position about 15 feet above the deck. Plaintiff testified:—"When I came out to work at 1 o'clock the boss (Garcia) said 'you get the wire and roll it up on the niggerhead and standby. As soon as the men get the boom, we are going to lower it down'. I was down at my work and the hammer came down and hit me on the head. I was out". At the time of the accident they were trying to lower the boom. Reyes did not intend to go out on the next voyage of the ship. At the time of the accident he was not a seaman, a member of the ship's crew; he was a maintenance worker, a member of a shore gang. Kraft v. A. H. Bull S. S. Co., Inc., D.C., 28 F. Supp. 437 cited with approval in Hagens v. United Fruit Co., 2 Cir., 135 F.2d 842. Gonzalez v. Riverside & Fort Lee Ferry Co., D.C., 43 F.Supp. 366; Mamat v. United Fruit Co., D.C., 39 F.Supp. 103.

Defendant's cross motion for summary judgment dismissing the complaint is accordingly granted. It is therefore unnecessary to pass upon plaintiff's motion; but if defendant had not made its cross motion, the plaintiff's motion to dismiss the Second and Third special defenses would have been denied. Settle order.