Leo A. ZIENTEK

v.

READING COMPANY, Appellant.

No. 11381.

United States Court of Appeals, Third Circuit.

Argued Dec. 10, 1954.

Decided March 10, 1955.

---

2. 45 U.S.C.A. § 61 et seq.

184

See also 93 F.Supp. 875.

John R. McConnell, Philadelphia, Pa.
(Morgan, Lewis & Bockius, Philadelphia, Pa., on the brief), for appellant.

B. Nathaniel Richter, Philadelphia, Pa.
(Richter, Lord & Farage, Philadelphia,. Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER
and HASTIE, Circuit Judges.

McLAUGHLIN, Circuit Judge.

The chief question here is whether there was substantial evidence on which the jury could reasonably find that plaintiff-appellee was "a master or member of a crew of any vessel". See McKie v. Diamond Marine Co., 5 Cir., 1953, 204 F.2d 132; Schantz v. American

Dredging Co., 3 Cir., 1943, 138 F.2d 534; Carumbo v. Cape Cod S. S. Co., 1 Cir., 1941, 123 F.2d 991. If there was not, his exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act,[1] Swanson v. Marra Bros., 1946, 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045, and this suit under the Jones Act[2] must be dismissed.[3]

■ Appellee was employed by appellant as a railroad brakeman. As part of his duties, he helped move box cars on to car floats in the Delaware River. Since he sustained the injury which is the basis for the action below while performing the latter duties, he cannot take advantage of the Federal Employers' Liability Act,[4] the normal railroader's remedy. Pennsylvania R. Co. v. O'Rourke, 1953, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367.[5]

■ The jury found that appellee was a master or member of a crew of a vessel. If the facts, which are largely undisputed, support this finding or if different conclusions can reasonably be drawn from such facts, the jury's finding must stand. South Chicago Coal & Dock Co. v. Bassett, 1940, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Gahagan Const. Corporation v. Armao, 1 Cir., 1948, 165 F.2d 301, 305.

■ The standards by which the courts have determined whether or not a person comes within the statutory definition are (1) that the ship be in navigation, (2) that there be a more or less permanent connection with the ship, and (3) that the worker be aboard primarily to aid in navigation. McKie v. Diamond Marine Co., supra, 204 F.2d at page 136; Gahagan Const. Corpora-

tion v. Armao, supra, 165 F.2d at page 305; Carumbo v. Cape Cod S. S. Co., supra, 123 F.2d at page 995; Wilkes v. Mississippi River Sand & Gravel Co., 6 Cir., 1953, 202 F.2d 383, 388, certiorari denied 1953, 346 U.S. 817, 74 S. Ct. 29, 98 L.Ed. 344.

■ The car float upon which appellee was injured was being loaded at the dock and appellee never remained on the float when it crossed the Delaware. Nevertheless it was being readied for river travel and must be considered to have been in navigation. Daffin v. Pape, 5 Cir., 1948, 170 F.2d 622, 624; Cf. Desper v. Starved Rock Ferry Co., 1952, 342 U.S. 187, 72 S.Ct. 216, 96 L.Ed. 205.

■ But did appellee have a more or less permanent connection with the car float upon which he was injured? We think not. There were twenty or twenty-two floats involved in the box car loading operation. Appellee did not load one particular barge but loaded whatever float happened to be in the slip at the time. In fact, appellee testified that he thought he had been injured upon barge #12 but he was not positive. His counsel, however, stipulated that it was barge #14. He obviously did not have any permanent connection with any particular float.

His position is more like the employee in Gonzalez v. Riverside & Fort Lee Ferry Co., D.C.S.D.N.Y.1942, 43 F.Supp. 366, who readied three different ferry boats for operation in the Hudson River, the stevedore in Rackus v. Moore-McCormack Lines, D.C.E.D.Pa.1949, 85 F.Supp. 185, who loaded and unloaded various ships, and the member of a "shore gang" in Kraft v. A. H. Bull S. S. Co., D.C.S.D.N.Y.1939, 28 F.Supp.

---

1. 33 U.S.C.A. § 901 et seq.

2. 46 U.S.C.A. § 688.

3. In some cases a third possibility might be found in a state compensation statute. For a recent discussion on these alternatives, see Rodes, Workmen's Compensation For Maritime Employees: Obscurity In The Twilight Zone, 68 Harv.L. R. 637 (1955).

4. 45 U.S.C.A. § 51 et seq.

5. That case, which involved facts similar to the one before us, was brought under the Federal Employers' Liability Act. The Supreme Court in holding that Act inapplicable stated that "The Longshoremen's and Harbor Workers' Compensation Act applies". [344 U.S. 334, 73 S. Ct. 306] The applicability of the Jones Act, however, was apparently not litigated.

437, who worked on board ships cleaning their holds and getting them ready for cargo. In all three cases the employee in question was held not to be a member of a crew of any vessel. See also Swanson v. Marra Brothers, supra; Reyes v. A. H. Bull S. S. Co., D.C.S.D.N. Y.1948, 80 F.Supp. 223; Mamat v. United Fruit Co., D.C.S.D.N.Y.1940, 39 F.Supp. 103.

Various definitions of the word "crew" have been put forth in the cases. It has been said that it is used "to connote a company of seamen belonging to the vessel, usually including the officers. It is the 'ship's company' ". Seneca Washed Gravel Corporation v. McManigal, 2 Cir., 1933, 65 F.2d 779, 780. In Maryland Casualty Co. v. Lawson, 1938, 94 F.2d 190, at page 192, the Court of Appeals for the Fifth Circuit said:

"There is implied a definite and permanent connection with the vessel, an obligation to forward her enterprise and to protect her in emergency, and a right to look to her and her earnings for wages. If she has a master, there is subjection to his commands. The nature of the work done is not determinative. Engineers and cooks as well as sailors are included. Longshoremen who load and unload a vessel under temporary local employment do not become members of the crew, nor do mechanics who similarly come aboard her to repair or clean or paint her; nor do those permanently employed upon her cease to be members of the crew because they are put at the same sort of work." [6]

Appellee does not come within these definitions and there were no facts in evidence from which the jury could reasonably conclude that he did.[7]

As Judge Rifkind said in Gonzalez v. Riverside & Fort Lee Ferry Co., supra, 43 F.Supp. at page 367:

"The fact that in this instance libellant believes he might have a larger recovery under the Jones Act does not justify a narrowing of the Longshoremen's Act so as to exclude from its evident advantages members of the class of employees whom Congress intended to benefit."

Since there was no evidence upon which a jury could have found that appellee was a crew member of any vessel the judgment below will be reversed with directions to dismiss the action.[8]

6. South Chicago Coal & Dock Co. v. Bassett, supra, which the Supreme Court decided because of an alleged conflict with this decision, in no way impinges upon the validity of this definition.

7. Whether appellee's duties were primarily in aid of navigation we therefore need not now decide. Compare however South Chicago Coal & Dock Co. v. Bassett, supra; Kanischer v. Irwin Operating Co., 5 Cir., 1954, 215 F.2d 300; Merritt-Chapman & Scott Corp. v. Willard, 2 Cir., 1951, 189 F.2d 791; William Spencer & Son Corp. v. Lowe, 2 Cir., 1945, 152 F.2d 847, certiorari denied 1945, 328 U.S. 837, 66 S.Ct. 1012, 90 L.Ed. 1613; Diomede v. Lowe, 2 Cir., 1937, 87 F.2d 296, certiorari denied 1936, Moran Bros. Contracting Co. v. Diomede, 301 U.S. 682, 57 S.Ct. 783, 81 L.Ed. 1340; with Norton v. Warner Co., 1944, 321 U.S. 565, 64 S.Ct. 747, 88 L.Ed. 430; Summerlin v. Massman Construction Co., 4 Cir., 1952, 199 F.2d 715; Tucker v. Branhan, 3 Cir., 1945, 151 F.2d 96; Schantz v. American Dredging Co., supra.

8. While the above disposes of the appeal, comment is necessary upon the manner in which this suit was presented to the jury by plaintiff's attorney. He gave that body as the legal question in the case—whether the plaintiff was a seaman or longshoreman—when actually as has been stated the true problem was whether, under the Longshoremen's Act definition, plaintiff was a "master or member of a crew of any vessel". He claimed improperly to the jury that the plaintiff was "speaking for all American railroaders". His conduct otherwise was much the same as that detailed in Straub v. Reading Company, 3 Cir., 220 F.2d 177, decided today by this court. See also Heriegel v. Reading Company, 3 Cir., 220 F.2d 187, also decided today by this court.