**Paul J. HERIEGEL**

v.

**READING COMPANY, Appellant.**

**No. 11383.**

United States Court of Appeals,
Third Circuit.

Argued Dec. 10, 1954.

Decided March 10, 1955.

John R. McConnell, Philadelphia, Pa.
(Morgan, Lewis & Bockius, Philadelphia,
Pa., on the brief), for appellant.

B. Nathaniel Richter, Philadelphia,
Pa. (Richter, Lord & Farage, Philadel-
phia, Pa., on the brief), for appellee.

Before McLAUGHLIN, KALODNER
and HASTIE, Circuit Judges.

PER CURIAM.

The pattern of improper trial conduct
on the part of appellee's attorney per-
meates this Safety Appliance Act[1] case
much as in Straub v. Reading Company,
3 Cir., 220 F.2d 177 and in Zientek v.
Reading Company, 3 Cir., 220 F.2d 183,
both decided by us today. The impor-
tant difference is that here the trial
judge did something effective about it
by controlling the situations as they
arose, by admonishing counsel, by in-
structing the jury. The result was that
finally as the district judge stated in his
opinion on the motion for a new trial,
"The question is not whether the plain-
tiff's counsel should be taken to task for
improprieties on his part but whether
the ends of justice will be served by or-
dering a new trial. I do not think they
will."

We are satisfied from the record that
the denial of the motion for a new trial
was within the discretion of the trial
judge. See Rule 61, Federal Rules of
Civil Procedure, 28 U.S.C.

The judgment of the district court will
be affirmed.