Francis **SULLIVAN**, Libelant,

v.

**AMERICAN PRESIDENT LINES, LTD.,**
a corporation, Respondent.

No. 28209.

United States District Court
N. D. California, S. D.

Nov. 22, 1961.

Lillick, Geary, Wheat, Adams & Charles, Mark Scott Hamilton, San Francisco, Cal., for respondent.

Malcolm N. McCarthy, San Francisco, Cal., for libelant.

HARRIS, Chief Judge.

This is a longshoreman's suit for personal injury against a steamship and terminal operator. On the day of his accident (February 29, 1960) Sullivan—the longshoreman—was employed by President Lines to perform ordinary laboring tasks as a member of its so-called "maintenance gang." The only work assigned Sullivan by his foreman on that day was the repairing of a life boat which was on dry land (up on chocks ashore at Pier 50, San Francisco). He remained so engaged from 8:00 to 10:00 that morning. At 10:00 o'clock he excused himself from work to take a "coffee break." For this personal purpose Sullivan and another worker borrowed a motorized jitney which was owned by Marine Terminals Corporation. On his way to a coffee shop Sullivan somehow fell off the jitney and was hurt.

Sullivan had not been assigned to work aboard any vessel or to work in connection with any particular vessel. At all times he was subject only to the orders of two dock foreman (Hjelle and Borjesson). He was never subject to the orders or the discipline of officers of any vessel.

Sullivan was not employed to perform duties aboard any vessel, did not sign any ship's articles, was not assigned to any watches or quarters aboard any vessel, did not bring his sea gear to work, and neither left nor was assigned to leave on any voyage. He worked the customary 8:00 a. m. to 5:00 p. m. day. He ate and slept at home.

In order to sue his employer (President Lines) for his injuries Sullivan must bring himself within the meaning of the Jones Act (46 U.S.C.A. § 688) as being a "seaman" and within the meaning of the Longshoremen's and Harbor Workers' Compensation Act (33 U.S.C.A. § 903(a) as being a "member of a crew of (a) vessel." He has not done so.

The mere fact that Sullivan was a "seaman" by occupation at some time in the past or that he might have become a "crew member" some time after his injury is immaterial here (Desper v. Starved Rock Ferry Company, 342 U. S. 187, 72 S.Ct. 216, 96 L.Ed. 205 (1952)). He must have had a more or less permanent connection with some vessel (Zientek v. Reading Company, 220 F. 2d 183 (3 Cir., 1955), cert. den. 350 U.S. 846, 76 S.Ct. 55, 100 L.Ed. 754; Nelson v. Greene Line Steamers, 255 F.2d 31 (6 Cir., 1958), cert. den. 358 U.S. 867, 79 S.Ct. 100, 3 L.Ed.2d 100). And he must have contributed in some logical way to the navigation or operation of at least some vessel as a vessel. Certainly by merely being a member of a seafaring union and performing work a seaman might also have performed does not make one into a crew member within the meaning of the federal maritime law (Kraft v. A. H. Bull S.S. Co., 28 F.Supp. 437 (S.D.N.Y.1939); Perez v. Marine Transport Lines, Inc., 160 F.Supp. 853 (D.C.La.1958).

The late Chief Judge of this Court (Louis E. Goodman) carefully explored a number of considerations going to a determination of when a sailor become a "crew member" within the meaning of the Jones Act (Milo v. Calmar (U.S.D.C. N.D.Cal. Admiralty No. 27465). Other cases, among them those cited above, reach the same conclusion.

The generous remedies provided "seamen-crewmembers" by the Jones Act (and for unseaworthiness, maintenance and cure by the traditional law of the sea) have been extended to them in recognition of the hazards of sea travel and the dangerous nature of work aboard ship at sea.

Sullivan was injured in a fall from a jitney while going for a coffee break.

This fact situation has absolutely no relation to the underlying theories upon which seamen's remedies are predicated. Sullivan's employment fails to satisfy any test determining the characteristics of a "seaman" within the meaning of that term as employed in the Jones Act.

Sullivan was not a crew member. He is not entitled to maintain any seaman's remedy against President Lines. The California Workmen's Compensation Act provides Sullivan's sole remedy against his employer.

There is no genuine triable issue concerning whether Sullivan was a "seaman-crewmember" within the meaning of the Jones Act. For these reasons President Lines should have summary judgment against libelant and judgment for its costs on all three counts of the libel.