Floyd GARLAND, Plaintiff,

v.

ALASKA STEAMSHIP COMPANY, a corporation, Defendant.

No. A-15-60.

United States District Court
D. Alaska,
at Anchorage.

June 3, 1963.

Bailey E. Bell, Anchorage, Alaska, for plaintiff.

John E. Manders, Anchorage, Alaska, for defendant.

HODGE, Chief Judge.

The sole question here presented is whether or not plaintiff has a remedy under the Jones Act, Title 46, Sec. 688, U.S.C.A., to recover damages for personal injuries claimed to have been suffered by him while employed by the defendant Alaska Steamship Company aboard its vessel "S.S. Illiamna" while tied at the dock at Seward, Alaska, unloading freight, or whether he has, instead, an exclusive remedy under the Longshoremen's and Harbor Worker's Compensation Act, Title 33, Sec. 905, U.S.C.A. The complaint alleges that plaintiff was employed at Seward as a longshoreman but that on the date of his injury he was "doing regular seaman's work as a part of the crew of the 'S.S. Illiamna,'" during the course of which work he was injured by being knocked down by a heavy van swung

against him by the hoist cables of the vessel.

This matter was considered heretofore upon issues submitted at a pre-trial conference and an opinion rendered by me on June 15, 1961, D.C., 194 F.Supp. 792, holding that a longshoreman is not precluded from filing an action for damages under the Jones Act where he was doing work aboard ship "traditionally performed by seamen" such as stowing or unloading cargo while aboard the vessel, under the decision of the Supreme Court in the case of International Stevedoring Company v. Haverty, 272 U.S. 50, 47 S. Ct. 19, 71 L.Ed. 157, and related decisions, but also holding that under the pleadings in this case whether the plaintiff was at the time of his injury engaged in duties traditionally performed by seamen is a question of fact to be put to the jury upon proper instructions.

This question was again considered in a companion case of Floyd Garland v. Alaska Steamship company, an action in rem against the vessel, based upon the same facts as alleged herein, on exceptions to the libel filed by respondents and an opinion rendered on October 13, 1961, Garland v. Illiamna, D.C., 198 F.Supp. 187, in which the court held that although the conclusion reached in the instant case that the issue as to whether or not the plaintiff was at the time of his injury engaged in the duties of seaman was a question of fact, it was necessary to re-examine the holding as to the Haverty case in the light of decisions decided since the passage of the Longshoremen's and Harbor Workers' Compensation Act, holding that it is now abundantly clear that the effect of Secs. 3 and 5 of the Longshoremen's and Harbor Workers' Compensation Act is to confine the benefits of the Jones Act against an employer of the person injured to masters or members of the crew of a vessel upon navigable waters, and to substitute for the right of recovery recognized in the Haverty case only such rights to compensation as are given by the Longshoremen's Act, which excludes from its coverage the master and members of the crew

of a vessel, citing Swanson v. Marra Bros., 328 U.S. 1, 66 S.Ct. 869, 90 L.Ed. 1045 and other cases. In this opinion the distinction between a "seaman" within the meaning of the Jones Act and a "member of the crew" within the exception of the Longshoremen's Act was observed, in accordance with the decision of the Supreme Court in South Chicago Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732, and this court further held that the issue thus raised as to whether or not the libelant (plaintiff herein) was at the time of his injury a member of the crew of the vessel was an issue of fact, to be determined upon trial.

Since these decisions the deposition of the plaintiff has been taken and defendant now moves for summary judgment on the ground that the undisputed facts as shown by the deposition and certain affidavits make it clear that plaintiff was not a member of the crew at the time of his alleged injury, and therefore his exclusive remedy is under the Longshoremen's and Harbor Workers' Compensation Act.

The uncontroverted facts as gleaned from the deposition of plaintiff may be summarized as follows: Plaintiff was a longshoreman employed by the defendant steamship company at Seward, Alaska, and was, on the date of his alleged injury, engaged in unloading cargo from the vessel "Illiamna"; he was hired on an hourly basis and was paid by the week; he was a member of the "longshore gang"; he had nothing to do with the navigation of the ship; he ate and slept at home; he was dispatched from the longshoremen's union hall for the ship, to unload vans, while the ship was tied to the dock; he has not had seaman's papers since 1933; he had signed no ship's papers; he "does not think" that he was a member of the crew on this date; he had never shipped on the "Illiamna." He was, however, doing the same work as the sailors or seamen aboard the vessel and took orders from the mate of the vessel; the seamen were working one hatch and the longshoremen another hatch, using the same type of

"jumbo" gear; all of the gear belonged to the ship; as a seaman before 1933 he had assisted in unloading cargo, at which time the sailors and longshoremen both assisted in unloading or discharging cargo, which practice has prevailed in the ports of Alaska for many years.

Despite these admitted facts plaintiff takes the same position as heretofore, that is, it is the plaintiff's sole contention that he was doing regular seaman's work on a ship in navigable waters at the time he was injured and therefore he is entitled to compensation under the Jones Act. This position cannot be sustained.

The Longshoremen's and Harbor Workers' Compensation Act was enacted subsequently to the decision in the Haverty case. The legislative history of this Act is reviewed by the Supreme Court in the case of South Chicago Co. v. Bassett, supra, holding that it appears that ships' masters and crews preferred to remain under the Jones Act and accordingly a provision was included in the new Act excluding seamen, which was finally amended to read "master or member of a crew," substituted for the word "seaman." The opinion of the court states as follows:

"This Act, as we have seen, was to provide compensation for a class of employees at work on a vessel in navigable waters who, although they might be classed as seamen (International Stevedoring Co. v. Haverty, supra), were still regarded as distinct from members of a 'crew.' They were persons serving on vessels, to be sure, but their service was that of laborers, of the sort performed by longshoremen and harbor workers and thus distinguished from those employees on the vessel who are naturally and primarily on board to aid in her navigation." (Citing cases)

Subsequently the Supreme Court reviewed the effect of this Act upon the remedy provided by the Jones Act, in the case of Swanson v. Marra Bros., supra, in which the court states:

"We have no occasion to consider here whether Congress, by the Jones Act, undertook to or could give a remedy against the employer for injuries caused by a vessel to his employees, not members of the crew of the vessel, while working on shore. For Congress, by later legislation, has expressed its purpose to restrict the liability of the employer under federal statutes to injuries to his employees occurring on navigable waters or inflicted upon an employee who is either a master or a member of a crew of the vessel, injured in the course of his employment as such. * * *

"We must take it that the effect of these provisions of the Longshoremen's Act is to confine the benefits of the Jones Act to the members of the crew of a vessel plying in navigable waters and to substitute for the right of recovery recognized by the Haverty case only such rights to compensation as are given by the Longshoremen's Act."

This principle has also been clearly announced in decisions of the district courts upon facts similar to those in the instant case, holding that the sole issue as to the scope of the remedy provided by the Jones Act, as narrowed by the Compensation Act, is whether or not the plaintiff or libelant was at the time of his injury a member of the crew, and not whether he was doing seaman's work or was in fact a seaman, that the character of the work being performed is not a controlling factor, and that longshoremen who load and unload a vessel under temporary local employment do not become members of the crew. Kraft v. A. H. Bull S.S. Co., Inc., (D.C.N.Y.) 28 F. Supp. 437; Mamat v. United Fruit Co., (D.C.N.Y.) 39 F.Supp. 103; Rackus v. Moore-McCormack Lines, Inc., (D.C.Pa.) 85 F.Supp. 185; Skow v. Gypsum Carrier, (N.D.Cal.) 164 F.Supp. 879; Sullivan v. American President Lines Ltd., (N.D.Cal.) 206 F.Supp. 547.

■ █ The rule is otherwise where the action by the longshoreman is against

third persons, which remedy is expressly reserved under Sec. 33 of the Longshoremen's Act. Seas Shipping Co. v. Sieracki, 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099; Crumady v. The J. H. Fisser, 358 U.S. 423, 79 S.Ct. 445, 3 L.Ed.2d 413; Grzybowski v. Arrow Barge Co., (C.A.4) 283 F.2d 481. This last cited case is relied upon by plaintiff, in which the doctrine of unseaworthiness is applied in a suit by a stevedore against a vessel owner for injuries sustained while loading a vessel as an employee of a stevedoring company, holding that for the purpose of the liability of such third person, "a stevedore is a seaman because he is doing a seaman's work, incurring seaman's hazards, and is entitled to a seaman's traditional protection." This principle does not apply to an action against the employer.

 It is also held that a longshoreman injured aboard a ship may not maintain an action against his employer under the Jones Act or a libel in rem against the vessel for personal injuries sustained on the grounds of negligence or unseaworthiness of the vessel, where the employer has secured payment of compensation under the Longshoremen's and Harbor Workers' Compensation Act, as his remedy is limited to compensation under such Act. Conzo v. Moore McCormack Lines, Inc., (D.C.N.Y.) 114 F. Supp. 956; Smith v. Mormacdale, (C.A. 3) 198 F.2d 849; Bennett v. The Mormacteal, (D.C.N.Y.) 160 F.Supp. 840, aff'd 2 Cir., 254 F.2d 138, cert. den. 358 U.S. 817, 79 S.Ct. 26, 3 L.Ed.2d 59; Bynum v. The S.S. Mormacteal, (D.C.Pa.) 188 F.Supp. 763. In the instant case the defendant had secured such compensation but it is claimed by plaintiff that compensation had been denied him, except for the sum of $117.50 paid him by the agent of the Alaska Steamship Company in error and without authorization of the company. However, it appears from the affidavit of J. J. O'Leary, Deputy Commissioner of the 14th Compensation District, handling the administration of the Longshoremen's and Harbor Workers' Compensation Act in this dis-

trict, and a letter attached thereto, that such compensation had been denied plaintiff for the reason that no compensation was properly payable to him on account of the alleged injury having been of only two days' duration, and not because plaintiff was not covered by the Act.

Upon the uncontroverted facts as now established plaintiff cannot be considered a member of the crew of the "Illiamna," and the issue of whether or not he was at the time of his injury doing seaman's work becomes immaterial, as he has an exclusive remedy against his employer under the Longshoremen's and Harbor Workers' Act. There is, therefore, no genuine issue of any material fact, and the defendant is entitled to judgment as a matter of law. Summary judgment dismissing plaintiff's cause of action may therefore be entered.